THE STATE ex rel. HARTFORD LIFE INSURANCE COMPANY v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals, and JOHN BARTON PAYNE, Agent, etc.

Division Two, April 9, 1923.

1. **SHIPMENT: Live Stock: Good Condition: Subsequent Burden.** In an action upon a common-law liability for loss in the transportation of live stock, proof of delivery of the animals to the carrier in good condition and of delivery by the carrier in bad condition make a prima-facie case for the shipper, which casts the burden on the carrier to show that the loss or injury was caused by the animals' own vice or inherent infirmity and without fault on his part.

2. ———: ———: ———: **Instruction: Omission of Necessary Element: Direction for Verdict.** An instruction for plaintiff telling the jury that "it was the duty of the defendant to safely transport the hogs in controversy and deliver them to the consignee in good condition, and before defendant can be relieved of liability for damages for the death of said hogs, the burden of proof is upon defendant to show by the greater weight of the credible testimony that said hogs died from natural and inherent causes, to-wit, disease of the lungs, and unless the defendant has so shown, your verdict must be for plaintiff," is erroneous, in that it fails to require the jury to find that the hogs were in good condition when delivered to defendant; and since said instruction directs a verdict for plaintiff, notwithstanding the omission of said necessary

element, it is reversible error. And the Court of Appeals in so ruling contravened no prior decision of the Supreme Court.

3. **INSTRUCTONS: Separately Incomplete: Complete as a Whole: Erroneous One Directing Verdict for Plaintiff.** Where a series of instructions, taken together, contain a complete exposition of the pertinent law and cover every phase of the case, the verdict will be sustained, even though some of them taken separately may be incomplete. But where the incomplete instruction omits some necessary element which plaintiff must establish in order to recover at all, and directs a verdict for him, notwithstanding such omission, it is reversible error, and the error is not cured by the fact that all the instructions taken together contain a complete exposition of the law and cover every phase of the case.

4. **SHIPMENT: Live Stock: Condition at Time of Shipment: Uncontroverted Issue: Instruction.** In an action for damages for loss or injury to hogs while being shipped, testimony by the shipper that they were in good condition when loaded, which is controverted by the carrier's answer, although not otherwise controverted, does not authorize or cure an instruction directing a verdict for plaintiff from which is entirely omitted a requirement for a finding that they were in good condition when delivered to the carrier. The court cannot as a matter of law, in view of such answer, assume that they were in good condition when delivered, nor assume that the shipper's testimony is true.

## Certiorari.

Transferred from Kansas City Court of Appeals.

PRELIMINARY RULE DISCHARGED.

*C. G. Myers, Albert R. James* and *Amos Townsend* for relator.

(1) Where a series of instructions contains a complete exposition of the law and covers every phase of the case, the verdict thereunder will be sustained, even though one instruction when taken separately may be incomplete. Hughes v. Ry. Co., 127 Mo. 452; Wingfield v. Wabash Railroad Co., 257 Mo. 363; Tawney v. United Rys. Co., 262 Mo. 609. (2) A party cannot complain of an instruction, perfect as far as it goes, where he does not ask for a more specific instruction. Wahl v. Transit

Co., 203 Mo. 261; First Natl. Bank v. Ragsdale, 171 Mo. 168; Wheeler v. Bowles, 163 Mo. 390; Farber v. Railroad, 139 Mo. 285. (3) Where there is no controversy as to a fact, an instruction assuming such fact to be true is not error. Carroll v. Railroad Co., 88 Mo. 239; Barr v. Armstrong, 56 Mo. 577; First Natl. Bank v. Hatch, 98 Mo. 376; Pope v. Cable Ry. Co., 99 Mo. 400; Fullerton v. Fordyce, 121 Mo. 13; Ragan v. Railroad Co., 144 Mo. 634; Stoebier v. Transit Co., 203 Mo. 714; Davidson v. Co., 211 Mo. 356; Orcutt v. Building Co., 214 Mo. 53; Midwest Natl. Bank v. Tr. Co., 233 S. W. 411.

*J. G. Green, W. II. Meschede* and *Frank W. Mc-Allister* for respondent.

(1) The sole question involved here is whether the opinion of the Kansas City Court of Appeals is in conflict with controlling decisions of this court. State ex rel. v. Reynolds, 218 S. W. 339; State ex rel. v. Ellison, 224 S. W. 820; State ex rel. v. Sturgis, 221 S. W. 91; State ex rel. v. Bradley, 223 S. W. 99; State ex rel. v. Trimble, 236 S. W. 651. (2) The opinion of the Court of Appeals misapplied the rule announced in a controlling decision of this court, yet, if it appears from its opinion that they recognized the rule, there is no conflict. State ex rel. v. Reynolds, 278 Mo. 695; State ex rel. v. Trimble, 236 S. W. 653. The opinion of the Court of Appeals is not in conflict with the Hughes, Wingfield or Tawney cases, but fully recognized the rule announced in those cases and is in accord therewith. The Court of Appeals, in its opinion on motion for rehearing, expressly recognized the rule announced in the Hughes Case and followed in the Wingfield and other cases, and correctly held that it did not apply to the situation before it. The instruction in question was peremptory in form, that is, it required the jury to return a verdict for plaintiff if it found certain facts from the evidence. It has never been held that an instruction drawn in this form, which omits an essential element of plaintiff's case is cured by another instruction which is not subject to the same

criticism, and neither the Hughes Case, the Wingfield Case, nor any case cited by relator so holds. Bellows v. Ins. Co., 203 S. W. 985. (3) The opinion of the Court of Appeals is not in conflict with decisions of this court on the point stated in relator's second assignment of error. Relator's second assignment of error is also fully answered by the opinion in Bellows v. Insurance Co., supra. In that case an instruction for plaintiff omitted to require proof of an essential fact, although another instruction given for plaintiff required proof of such fact. This court held the error was not cured by an instruction on the part of the defendant. State ex rel. v. Ellison, 272 Mo. 587. (4) The Court of Appeals expressly found that it was not conceded that the hogs were delivered to the defendant below in good condition, and this court is bound by that finding. State ex rel. v. Reynolds, 257 Mo. 19; State ex rel. v. Ellison, 278 Mo. 42; State ex rel. v. Reynolds, 278 Mo. 695; State ex rel. v. Allen, 242 S. W. 77.

RAILEY, C.—It appears from the record that the relator herein instituted in the Circuit Court of Saline County, Missouri, on May 17, 1920, an action against Walker D. Hines, Agent for the United States Government for settlement by actions at law of claims arising during Federal control of railroads, and agent of Walker D. Hines, Director General of Railroads, for the United States Railroad Administration, while operating the Missouri Pacific Railroad Company. Afterwards, on November 22, 1920, by agreement of parties, the respondent, John Barton Payne, agent, etc., was substituted for said Walker Hines, agent, etc.

The relator, an insurance company, subrogated to and assignee of the rights of a shipper holding plaintiff's live stock transit policy covering insurance on a shipment of hogs, sued to recover the amount paid by it under said policy for a loss on said shipment during transportation, for which it was alleged the defendant carrier was responsible. The shipment was of 73 hogs, by W. O. Van Arsdell, on September 30, 1919, over the

Missouri Pacific Railroad, then operated by the U. S. Government from Naptonville, Missouri, to National Stock Yards, East St. Louis, Illinois, consigned to Milton Marshall Live Stock Commission Company. The relator recovered a judgment before a jury for $700.77. The cause was appealed to the Kansas City Court of Appeals, where the judgment of the circuit court was reversed and remanded. A motion for rehearing was filed in the Court of Appeals, and also a motion to transfer the cause to this court. Both motions were overruled, and a writ of *certiorari* was sued out to quash the record of the Court of Appeals.

The opinion of the latter, on the merits, and also on motion for rehearing, and to transfer, are printed in full and will be found reported at length under the style of Hartford Fire Ins. Co. v. Payne, 243 S. W., at pages 357 and following. As a matter of convenience, and to save expense, we hereby adopt the opinion of Judge TRIMBLE as to the statement of facts, and the remainder of the opinion, as far as it may be applicable to the questions before us. On page 359 of above volume, Judge TRIMBLE said:

"This was an unaccompanied shipment in interstate commerce, and this must be kept in mind as having a direct bearing upon the question presented.

"(1)   The cause of action is upon the carrier's common-law liability; and while the shipment is one of live animals, which forms one of the exceptions to the rule of the carrier's common-law liability as an insurer, yet proof of delivery to the carrier in good condition and of a delivery by the carrier in bad condition made a prima-facie case for the plaintiff, which cast the burden on the carrier to show that the loss or injury was caused by the animals' own vice or inherent infirmity and without fault on the part of the carrier, in which event the carrier would not be liable."

The Court of Appeals reversed and remanded the cause, however (243 S. W. l. c. 360), on the ground that error was committed by the trial court in giving to the

jury, on behalf of plaintiff, instruction numbered three, which reads as follows:

"3.    The court instructs, the jury that it was the duty of the defendant as a common carrier to safely transport the hogs in controversy and deliver same to the consignee at the point of destination in good condition, and before the defendant can be relieved of liability for damages for the death of said hogs, the burden of proof is upon him to show by the greater weight of the credible testimony that said hogs died from natural and inherent causes, to-wit, disease of the lungs, and unless the defendants has so shown, your verdict must be for the plaintiff."

The opinion of the Court of Appeals on motion for a rehearing and to transfer the cause to this court (243 S. W. l. c. 361) reads as follows:

"Respondent concedes that the instruction held to be erroneous, and for which the judgment was reversed and the cause remanded for a new trial, omits the element of the hogs' condition at the time they were delivered to the carrier, but strenuously insists upon the rule that 'where a series of instructions, taken together, contains a complete exposition of the law and covers every phase of the case, the verdicts obtained thereon will be sustained, even though the instruction when taken separately may be incomplete.' [Hughes v. Chicago Ry. Co., 127 Mo. 447, 452, 30 S. W. 127, 128.]

"There is no doubt about the correctness of the rule, but it does not apply to a case where the defective instruction permits or authorized a verdict for plaintiff. The instruction here told the jury unqualifiedly that it was the duty of the carrier to safely transport the hogs and deliver them in good condition, and before it could be relieved of liability for the death of the hogs the burden was on the carrier to show that the hogs died of disease of the lungs, and, unless defendant had so shown, 'your verdict must be for plaintiff.'

"There is nothing in the contention that the case was tried on the theory that the good condition of the

hogs when delivered to the carrier was conceded. Consequently both motions should be, and are, overruled. All concur.''

I. It is charged in relator's petition for this writ, that the ruling of the Court of Appeals in reversing and remanding said cause, on account of the giving of plaintiff's instruction three, is in conflict with the following decisions of this court, to-wit: Hughes v. C. & A. Ry. Co., 127 Mo. l. c. 452; Wingfield v. Wabash Ry. Co., 257 Mo. l. c. 363; Tawney v. United Rys. Co., 262 Mo. l. c. 609.

<span style="margin-left:2em">Omission of Necessary Element.</span>

In the Hughes Case supra, the defendant pleaded contributory negligence as an affirmative defense. It was held that the instructions given in behalf of plaintiff correctly stated the law relating to plaintiff's case, and that defendant's instructions properly declared the law relating to defendant's affirmative defense, and that said instructions, taken together, submitted to the jury the issues presented by both plaintiff and defendant. The Hughes Case is without application here. Instruction three, supra, was complete within itself, and authorized a recovery regardless of all other instructions in the case. It omitted the requirement that the jury must find that the stock when delivered to the carrier was in good condition, and authorized a recovery regardless of this question. Even if it be true that all of plaintiff's other instructions are correct, and all of those given on behalf of defendant are likewise correct, yet it is evident that the jury under instruction three may have found for plaintiff regardless of the other instructions.

The opinion of the Court of Appeals is not in conflict with the decision of this court in Wingfield v. Railroad, 257 Mo. 347. GRAVES, J., in the latter case, at pages 363-4, in speaking of the instruction under consideration, said: ''It does not purport to direct a verdict for the plaintiff upon the whole case. . . . We do not believe that the instruction falls within the class of one attempting to cover the whole case, and directing a verdict upon hypothecated facts.''

The most casual consideration of the above case, indicates that it has no bearing upon the question before us.

In Tawney v. United Railways, 262 Mo. 602, the instruction under consideration did not undertake to cover the whole case, or authorize a recovery within itself. It was entirely unlike the one before us, which the Court of Appeals herein condemned. At pages 609-10 of the Tawney Case, BOND, J., said, in legal effect, that cases might arise where instructions taken together properly declared the law; "but it does not go to the extent of holding that an instruction given for respondent which is radically wrong—that is, perverts the law or prejudges the facts—can be cured by another on behalf of the same party which is free from the vice of the former. Such repugnant directions afford no guide to the jury, nor can it be presumed that they followed one rather than the other."

The opinion of the Court of Appeals is in full accord with the latest utterances of this court, as promulgated in the above quotation.

II.  It is contended by relator that the condition of the hogs at date of delivery was not controverted. It is true, Mr. Van Arsdell testified that the hogs were cool and in good condition when loaded. The answer of defendant controverted this fact. In the face of defendant's evidence and answer, the court had no right, as a matter of law, in passing upon instruction three, to assume that the hogs were in good condition when delivered. The jury should have been left to pass upon the testimony of Mr. Van Arsdell, as a question of fact in the case. It appears from the evidence, as stated by the Court of Appeals, that quite a number of the hogs in controversy were found dead at the place of destination. Defendant denied liability, and sought to show that it was not responsible for the death of the hogs. It devolved upon plaintiff in making a prima-facie case, in the face of the general denial, to show affirmatively that the hogs were sound

*Uncontroverted Issue.*

and in good condition when delivered. The court had no right to assume in behalf of plaintiff, as it did in instruction three, a controverted issue in the case. The opinion of the Court of Appeals, in respect to above matter, is in harmony with the last previous ruling of this court, as evidenced in Lafferty v. Casualty Co., 287 Mo. l. c. 565-6, 229 S. W. l. c. 753, where it is said:

"The old familiar rule that the jury is the judge of the credibility of witnesses should not be overlooked, which must not be controlled or interfered with by the court. This is true whether the witnesses are introduced by the plaintiff in support of the allegations of the petition or by the defendant in support of the allegations of the answer. In other words, the rule mentioned absolutely bars the right of the court to instruct the jury to find for the plaintiff, even though hundreds of the most reputable witnesses of the community should testify to the facts stated in the petition; even though their testimony should be uncontradicted, the jury must still be the judge of the credibility of the witnesses and the weight to be given to their testimony, and the same would be true as to the testimony of as many other witnesses should they testify to the facts charged in the answer, for the jury alone must be the judge of their credibility and the weight to be given to their testimony, and in either case the court has absolutely no legal authority to interfere with that absolute prerogative of the jury. [Gannon v. Gas Co., 145 Mo. 502.]"

The ruling of the Court of Appeals clearly is not in conflict with the above late utterance of this court.

It is true that there are well considered cases in this State which hold that where the testimony is undisputed as to a given proposition, and no controversy is presented or indicated in respect thereto, the trial court may, in preparing the instructions, deal with such subject as a non-issuable fact. The evidence set out in the opinion of the Court of Appeals in this case does not indicate that the court below dealt with the case on the theory that defendant conceded the stock was sound when

State ex rel. Mo. Publ. Utilities Co. v. Cox.

delivered. On the contrary, defendant denied any negligence on its part, and was entitled to have the matter submitted to the jury, under proper instructions to determine whether the stock was sound and in good condition when delivered.

Taking the facts as stated by the Court of Appeals, which we must do in this kind of a case, we think the conclusion reached by said court properly declared the law, and is not in conflict with the last previous ruling of this court. The writ was improvidently issued herein, and is accordingly quashed.

*Davis* and *Higbee, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.