J. N. Delcour, Respondent, v. Omie R. Wilson, Appellant.—245 SW (2) 467.

Springfield Court of Appeals. Opinion filed January 8, 1952.

*Sam Richeson, Lynn Bradford* and *Green & Green,* Attorneys for Appellant.

*Geo. F. Addison* and *A. W. Landis*, Attorneys for Respondent.

BLAIR, J.—The petition, answer and reply in this case were filed in the Circuit Court of Crawford County, Missouri, but the case went to Howell County, thereafter, on change of venue. The time for filing transcript was extended.

The suit was for slander and libel. The original petition was in nine counts. The jury returned a verdict for plaintiff, (now respondent) on the first count of the petition, equally for compensatory and punitive damages, in the sum of $800.00, and a like sum, on the second, fourth, fifth and seventh counts. The total verdict for

plaintiff, on all of the five counts of the petition, was in the sum of $4,000.00. The verdict returned June 24, 1950, was by nine jurors.

The third, sixth, eighth and ninth counts were dismissed by respondent. On July 1, 1950, appellant filed his motion for a new trial, which was overruled by the trial court on September 14, 1950. He filed his notice of appeal to this Court on the same date.

Although the case was set down for hearing in this Court on October 1, 1951, neither appellant nor respondent appeared for oral argument, and the case was submitted to this Court on briefs.

Respondent has filed in this Court his motion to dismiss the appeal on account of the alleged insufficiency of the appeal bond. That motion has been overruled by us.

The appellate jurisdiction of this Court is not questioned, since the respondent only had a verdict for $4,000.00 for both compensatory and punitive damages, although he originally asked for the sum of $75,000.00 on all nine counts of his petition.

Appellant has assigned a large number of claimed errors in his brief. Those assignments deal principally with the sufficiency of respondent's petition to state a cause of action, the admission of evidence by the trial court, its refusal to sustain appellant's demurrer, both at the close of respondent's case, and at the close of all of the evidence, and the giving of the instructions, on which the jury returned a verdict for respondent, on five counts.

A brief statement of the facts is required to understand the case. Appellant made the following statement in his brief, as applicable to each of the original nine counts of the petition.

"This is an action for slander which was filed in the Circuit Court of Crawford County, Missouri. On change of venue the cause was sent to the Howell County Circuit Court where, on the 22nd day of June, 1950, trial was had before a jury.

"The original petition contained nine counts of alleged slander, but at the close of plaintiff's testimony plaintiff dismissed Counts 3, 6, 8 and 9 and the issues were submitted to the jury on Counts 1, 2, 4, 5 and 7.

"Aside from the dates and the alleged slanderous words charged to have been spoken, each Count is identical in form and substance. In each Count plaintiff prayed judgment for $5,000.00 actual damages and $5,000.00 punitive damages.

"The jury returned a verdict in favor of plaintiff for $400.00 actual and $400.00 punitive damages on each of the five Counts submitted. Motion for new trial being filed and overruled defendant has duly perfected his appeal to this Court."

The first count of the petition charged that appellant, with malice, spoke of and concerning respondent that respondent had been stealing appellant's cattle, for which respondent asked compensatory and punitive damages in the sum of $10,000.00 on that count. The jury

awarded respondent $800.00 on the first count, equally for compensatory and punitive damages. It made a like award to respondent on the 2nd, 4th, 5th and 7th Counts of the petition, or a total amount to respondent, on the five counts of his petition, in the sum of $4,000.00 equally for compensatory and punitive damages.

In Count I of his answer, appellant denied formally making the malicious statements charged to him, but stated that, if such statements were made by him, they were true, confidential and privileged and that respondent was not damaged thereby.

In Count II of his answer, appellant denied the statements alleged to have been made about respondent on the ——— day of March, 1948, in the presence and hearing of others, and stated that such remarks, if made by him, were true, confidential and privileged.

Count III of the answer need not be noticed further, as that count was dismissed by respondent.

Count IV of the answer, referred to the statements alleged to have been made by appellant on the ——— day of December, 1947, and at other times. The defense thereto was quite like the defense made to Counts I and II of the answer.

The answer of appellant to Count V of the petition was quite similar to the answers made to Counts I and II.

Count VI of the answer requires no consideration, since that count was dismissed by respondent. Count VII of the answer was in reference to statements alleged to have been made by appellant, on or about November 1, 1949, and was quite similar to the answers in Counts I and II.

Counts VIII and IX of the answer need not be further noticed, since those counts are no longer at issue.

The answers of respondent, to the interrogatories of appellant, tended to show that the words charged against respondent by appellant were made in the presence and hearing of persons, other than respondent, and at places denied by appellant in his answers. Such interrogatories need not be set out here. Denial thereof was formally made in respondent's reply.

A large number of witnesses testified for respondent. Their testimony tended to prove that appellant charged respondent with stealing his cattle and that respondent bore a good reputation in his home community, before such charges were made. Respondent denied stealing appellant's cattle and offered evidence, tending to prove his previous good reputation, and that the calves missing from appellant's herd died from natural causes.

(Johnson v. Thompson, 236 S. W. (2d) 1, l.c. 7; Bray v. St. Louis-San Francisco Ry. Co. 236 S. W. (2d) 758, l.c. 761; Rockenstein v. Rogers, 31 S. W. (2d) 792, l.c. 798; Ford v. Louisville & National R. Co. 196 S. W. (2d) 163, l.c. 167.)

The verdict of the requisite number of jurors satisfies us that the

testimony of respondent and his witnesses, which was of a most substantial character, was believed by the jury and we are not at liberty to disbelieve any of it.

Appellant makes the following statement in his brief:

"The answer, as filed by defendant, is identical as to the various Counts. After admissions and denials, as to certain allegations contained in the petition, such answer states:

"(1) That defendant has no recollection of making such statement and, therefore, denies that he made it.

"(2) That certain of plaintiff's cattle had been stolen and he was investigating the theft through the officers of the law; that any statements concerning the theft of his cattle were made in good faith and not maliciously spoken and, therefore, such statements were privileged.

"(3) That discussions were had by defendant with his employees to prevent future acts of larceny of his cattle and were made in good faith, therefore privileged communications.

"(4) As an alternative defense, that if such words were spoken, they were true in substance and in fact and denies that plaintiff has been damaged."

That statement of appellant shows conclusively that the facts testified to by respondent and his witnesses showed that appellant was at least reckless in his remarks about respondent's honesty.

The first assignment of error is that respondent failed to set out in his petition that the alleged slanderous statements were made in the presence and hearing of any other person or persons. Appellant cites cases, in supposed support of such assignment of error. An examination of the cases cited shows that it was held in all of such cases that the instructions, and not the petition, must require proof of such facts. Such assignment of error is without merit.

The second assignment of error, made by appellant, is that the trial court committed error because of the voluntary statement of respondent that he was a member of the Masonic Lodge. Appellant's objection to such testimony was sustained by the trial court. The respondent, as a witness, was cautioned by the trial court, and the jury was instructed, to disregard respondent's statement about respondent belonging to the Masonic Lodge. Still not satisfied with the trial court's sustaining of the objection to the testimony, the caution to the witness and to the jury, appellant still asked for a mistrial, which was disallowed. The verdict by nine jurors can now be the only excuse for such an assignment of error.

Appellant cites two cases, in supposed support of this contention, and they do not support it. In McClendon v. Bank of Advance, 174 S. W. 203, 188 Mo. App. 417, by the St. Louis Court of Appeals, respondent's counsel there insisted on getting the improper evidence

before the jury, after the trial court had ruled that such testimony was not proper.

In Palmer v. Miller, 60 Fed. Supp. 710, Judge Reeves, of the Missouri Federal Court, merely indicated the impropriety of such conduct on the part of a litigant, without expressing any opinion on the action taken by the trial court. The cases cited by appellant are not on facts at all like those in this case.

Appellant's third assignment of error is that respondent failed to make a case by his evidence, because the statements attributed to appellant were privileged and not slanderous, if honestly believed to be true. The charge of the theft was not slanderous in itself, if made in good faith, but the issues of such good faith and the absence of actual malice were submitted to the jury in instruction "(c)" and the jury found, as a fact, that appellant was guilty of actual malice, and we hold that the trial court committed no error in submitting such question of fact to the jury.

Appellant complains of the action of the trial court in permitting respondent to amend his petition as to Count II of the petition, by changing the date of the alleged statements of appellant, from the time therein alleged, to another date, and appellant cited a large number of cases in supposed support of such assignment of alleged error. There is no showing that appellant asked a continuance on that account, and the amendment is not shown to have been objected to by appellant. Section 509.500 R. S. 1949, authorizes an amendment of the pleadings and seems to have been enacted in place of Section 969, to Section 974, of the 1939 Statutes of Missouri. The cases cited by appellant refer to an amendment of the petition to alleged statements made by other persons, of a different character. Those cases are not in point:

What we have held in regard to assignment of error No. III applies equally to assignment of error No. V.

Assignment of error No. VI applies to the instructions given by the trial court on Counts 1, 2, 4 and 5. The assignment applies also to Count III, but respondent had dismissed that count and it is unnecessary to consider appellant's objection in that respect.

The instructions on punitive damages, in Counts 1, 2, 4 and 5, were practically identical. We have carefully read those instructions. They authorized the jury to assess punitive damages, in addition to the actual damages on those counts, and were in the following language:

"You are further instructed in this connection that if you find a verdict for plaintiff in actual damages, then, you may, if you think proper, under all facts and circumstances shown in evidence, assess in favor of this plaintiff such further sum as exemplary or punitive damages as you believe ought to be assessed against the defendant by way of punishment for the act complained of, and

961

to serve as a warning to prevent the defendant and others being guilty of a like act;"

None of the criticized instructions suggested the assessment of punitive damages. They required the jury to find definitely that the remarks of appellant were "willfully and maliciously spoken," before the assessment of punitive damages was authorized. Practically the same objection is made to Count 7 of the petition.

Hoeffner v. Western Leather Clothing Co. 161 S. W. (2d) 722, cited by appellant, does not support appellant's contention. There Judge Bennick, then Commissioner, but now Judge of the St. Louis Court of Appeals, at page 729, said:

"The next instruction criticized is plaintiff's instruction No. 2, which told the jury that if they found that Floom had spoken of and concerning plaintiff, in the presence and hearing of persons other than plaintiff and himself, the words, 'She's a crook and a thief', then the law presumes that such words were spoken maliciously, and it was not necessary to prove any express malice in order to warrant a verdict for plaintiff."

The case of Bouligny v. Metropolitan Life Ins. Co. 133 S. W. (2d) 1094, cited by appellant, was by Judge McCullen of the St. Louis Court of Appeals. It was not a slander and libel suit and did not even involve punitive damages, and is not in point. Nor was State ex rel. Hartford Fire Ins. Co. v. Trimble, et al., 250 S. W. 393, 298 Mo. 418, written by Commissioner Railey, a slander and libel suit. That was a certiorari case against the Kansas City Court of Appeals. We are not cited to any expression by Judge Railey, in agreement with appellant's contention. That opinion certainly is not in point in this case.

The assignment, that none of those instructions set out the date the statements authorizing imposition of punitive damages were made, is of no value, because each of those instructions authorized the imposition of punitive damages, if actual damages were found to be justified for statements, *on the dates mentioned therein.*

Complaint is made because each of such instructions authorized the imposition of punitive damages, when the financial condition of respondent was considered, in connection with the actual damages found by the jury. The Missouri case cited is quite to the contrary of appellant's contention. That case was Bolles v. Kansas City Southern Ry. Co. 115 S. W. 459, written by Judge Johnson of the Kansas City Court of Appeals. There Judge Johnson said:

"Nor do we find error in the admission of evidence of the pecuniary condition of plaintiff. The rule is well settled in this state that such evidence is admissible in an action for personal injuries where the circumstances of the case authorize the assessment of punitive damages. Beck v. Dowell, 111 Mo. 506, 20 S. W. 209, 33 Am. St. Rep. 547; Dailey v. Houston, 58 Mo. 361."

The remaining objections to the instructions, authorizing the imposition of punitive damages in the counts submitted to the jury, are equally without merit.

The 7th assignment of error is directed to instruction on Count VI. As respondent dismissed that count of the petition and no instruction was given on it, and the jury returned no verdict for compensatory or punitive damages thereon, the assignment need not be considered.

As to assignment of error No. VIII, the jury was distinctly instructed that the statements made must have been made, within two years before suit was filed December 20, 1949. Such instruction did not constitute a "roving commission" to the jury to consider statements made at other than the times alleged in the various counts.

Assignment of error No. IX complains of instruction No. 8. That instruction was short and dealt with the necessity of proof of actual malice, and should be set out. It was as follows:

"You are instructed that if you believe and find from the evidence that the matter complained of was falsely published of and concerning the plaintiff, then the law presumes that it was done maliciously, and, it is not necessary to prove any express malice in order to warrant a verdict for plaintiff."

Such has been the regular holding of our courts. When the commission of crime is falsely charged, malice is presumed.

Appellant complains of the argument of one of respondent's attorneys in stating that the case had originated in Crawford County, Missouri, and was afterwards brought to Howell County on change of venue. We are unable to see how appellant could possibly have been prejudiced by such an argument. However, the assignment amounts to nothing, since appellant stated that the trial court mildly rebuked respondent's attorney for making such remark.

We have not been cited to any authority which suggests to us that the trial court committed any error in trying this case, and its judgment should be affirmed.

It is so ordered. *Vandeventer, P. J.;* and *McDowell, J.,* concur.