Waddingham v. Hulett.

WADDINGHAM, *Appellant*, v. HULETT.

1. **Evidence**: GENERAL REPUTATION OF WITNESS. The general reputation of a person among his neighbors is the only legitimate subject of inquiry, for the purpose of impeaching his credibility as a witness. Evidence of his general reputation at a distant place, where he was on a visit for a period of about three months, is inadmissible.

2. **Witness, Credibility of**: INTEREST IN RESULT OF SUIT. It is competent in an attachment suit for plaintiff, in order to affect the credibility of witnesses for the defendant, to show that the latter had conveyed to them all his interest in the lands attached in the suit, and that said witnesses were, therefore, interested in its result.

3. **Practice**: INSTRUCTION. An instruction should not be broader than the issues raised by the pleadings and evidence.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

REVERSED AND REMANDED.

*W. H. Kennan* and *Macfarlane & Trimble* for appellant.

(1) It is always proper to show that a witness is interested in the result of the suit. And the appellant should have been allowed to read the deeds in evidence to show that the witnesses, John and Frank Hulett, were the owners of the lands out of which any judgment in appellant's favor would necessarily have been collected. R. S. 1879, sec. 4010. (2) The fact that defendant voluntarily conveyed all his property, shortly after the alleged settlement, together with the fact that he did not deny, and was adjudged to have made the conveyance to prevent the collection of the accounts sued on, was certainly admissible in evidence, as tending to prove that he then regarded the accounts as unsettled. This evidence, with such explanation as the defendant might

have been able to make, should have been admitted. It was the province of the jury, and not of the court, to determine the probative force of this evidence. (3) In this case, where the conflict of evidence was sharp, it was important that the jury should know the character of each witness whose testimony they were called upon to weigh. It is usual to prove the reputation of a witness in the community where he resides, but this is because the community of his residence is usually the only place where he has established any reputation. There is no rule of law which confines one's reputation to any time or place ; hence, there is no rule which would limit the evidence of such reputation to any particular locality. If the witness, Frank Hulett, had established a reputation at Detroit, it is immaterial whether he had established it by residing there for three months, or whether he had established it by remaining there on a visit for three months. The plaintiff had a right to show that wherever the said witness had been in his wanderings, he had impressed the people with the fact that he was unworthy of belief. The ground of defendant's objection to the evidence of the Detroit witnesses went to its weight only, and not to its admissibility. The court erred in excluding the evidence, when it was offered as part only of the proof on that point. (4) The plaintiff's accounts, which defendant admitted to be just, and which he says were settled, as shown by the evidence, amounted to three thousand dollars. The one hundred and sixty acres of land was worth twenty-five hundred dollars. The note amounted to forty-five hundred dollars, and was in litigation. It is unreasonable that plaintiff should agree to give at least fifty-five hundred dollars for this note. But it is not unreasonable that he should agree to give fifty-five hundred dollars for the note and $2781.90 of claims held by defendant against him. Hence the importance of the error

Waddingham v. Hulett.

committed by the court, in giving the instructions asked by defendant, which were in direct conflict with plaintiff's, and which had absolutely no evidence to sustain them. *Chouteau v. Searcy*, 8 Mo. 733; *Gerren v. Railroad*, 60 Mo. 410; *Lester v. Railroad*, 60 Mo. 265; *State v. Nauert*, 2 Mo. App. 295; *Goetz v. Railroad*, 50 Mo. 472.

*W. W. Fry* for respondent.

(1) The court properly excluded the deeds from defendant to Frank and John Hulett. They were offered as proof that defendant fraudulently conveyed his property. The fact of conveyance was no proof of fraud. The purpose or object of the conveyance must first have been shown before the conveyance could have been admitted as evidence. The issue before the jury was whether there had been a settlement of plaintiff's accounts, an issue of fact, and these deeds, which conveyed lands not connected with the suit or settlement, were not relevant to the issue. (2) Testimony as to reputation of a person is always confined to "the neighborhood in which he lived," and not to a place where he might be detained temporarily on business for a short time. Evidence that one's conduct was bad might be easily secured away from home, among strangers, in a city where one has sojourned for two or three months, but this is not his reputation among his neighbors. The evidence as to his reputation among his neighbors was that it was good. Then the depositions as to Frank Hulett, while on a business trip to Detroit, were properly excluded. 1 Greenl. Evid., sec. 461; *State v. Grate*, 68 Mo. 27. (3) It is of no consequence that defendant, after filing his plea in abatement, denying under oath the truth of the facts alleged in plaintiff's affidavit, withdrew it, and went to trial on the merits. Defendant merely waived the plea and denied plaintiff's claim or cause

of action. Thus withdrawing his plea and contesting on the merits was no evidence of fraudulent conveyance, nor was it any admission of indebtedness, from defendant to plaintiff, as counsel claim. (4) The issue submitted to the jury was whether plaintiff's accounts were paid in the settlement. The evidence was to the effect that the same was paid by a surrender of the note sued on and by defendant's accounts. The instructions were not contradictory as they agreed as to the issue, defendant's only being more complete in referring to defendant's accounts, and they did not mislead, as they presented the same issue. *Henschen v. O'Bannon*, 56 Mo. 289 ; *Crutchfield v. Railroad*, 64 Mo. 255; R. S., sec. 3775. (5) It was purely a question of fact for the jury. The issue was fairly presented, and the verdict was manifestly for the right party. Under these circumstances, this court will not interfere with the verdict, and again renew the contest over a long list of stale accounts which have been correctly settled. *Nelson v. Foster*, 66 Mo. 382 ; *Reynolds v. Rogers*, 63 Mo. 17 ; *Henschen v. O'Bannon*, 56 Mo. 289 ; *Bridge Co. v. Ring*, 58 Mo. 485–6 ; R. S., sec. 3775.

BRACE, J.—This was an action commenced by attachment in the circuit court of Audrain county. The petition contained two counts, the first upon an account for money loaned, money had and received, laid out and expended, and for labor performed, amounting to the sum of $3,505.16 ; the second was for board furnished defendant, and two boys, from November, 1868, to the year, 1880, at twenty dollars per month, respectively, amounting in the aggregate to the sum of $7,925. The defendant filed a plea in abatement, but afterwards withdrew the same. Judgment was rendered sustaining the writ, and defendant pleaded to the merits. The answer contained (1) a general denial; (2) a plea of accord and satisfaction ; (3) a set-off for work and

labor, and for money had and received, and for money paid, amounting in the aggregate to the sum of $2,781.90; (4) a set-off for the amount of a promissory note and interest executed by plaintiff to defendant dated August, 1871, for the sum of thirty-one hundred dollars, with interest on same from date payable annually at the rate of six per cent. per annum. The plaintiff replied, denying the new matter set up in the answer.

The case was sent to a referee, who took the evidence and stated an account between the parties, and made his report. The defendant filed exceptions to the report, and his exception to the finding of the referee upon the defence set up in the first special plea of the defendant was sustained, and the case continued to the next term of the court; at the next term the following issue was framed and submitted to a jury: "Was there a settlement between plaintiff and defendant on the twentieth day of January, 1882, in which the account sued on by plaintiff and itemized in his petition was settled? Which defendant asserts and plaintiff denies." This issue was found for the defendant, and thereupon judgment was rendered in his favor, from which, after an unsuccessful effort for a new trial, he appeals to this court.

The only matters complained of as error arise in the action of the court on the trial of this issue. The issue framed left out the cause of action in the second count of plaintiff's petition, and defendant's set-off for $2,781.90 disappears, so far as the evidence in the case goes, and reappears again only in the instruction given by the court for the defendant. On the trial of the issue, each of the parties testified in his own behalf, and each admitted that on the twentieth day of January, 1882, there was a settlement made between them, in which defendant surrendered to plaintiff a note of plaintiff for $3,074.69, dated August, 1871, bearing interest at the rate of six per cent. per annum from date, and plaintiff

executed a deed to defendant for one hundred and sixty acres of land. Besides the parties themselves there were present when the terms of the settlement were agreed upon, only Frank and John Hulett. The defendant and the said Frank and John Hulett testified positively, that the items charged for in plaintiff's petition were included in the settlement; that the plaintiff agreed to make a deed to the land, and give up and release all his demands against the defendant for the note. On the other hand, the plaintiff testified that the items charged for in his petition were not included in the settlement, and that he was only to give the land for the note. If the version given by the defendant and his two witnesses of the settlement was true, the verdict of the jury on the issue must have been for the defendant; if that of the plaintiff was true it must have been for him, so that the result must have depended largely upon the credit given by the jury to the evidence of these witnesses.

To impeach the credit of the witnesses, Frank and John Hulett, the plaintiff introduced evidence of the general reputation of said witnesses in Vermont, where they formerly lived, and in Mexico where they resided some time before, and at the time the case was tried, and offered to read in evidence the depositions of seven witnesses residing in Detroit, Michigan, as to the general reputation of these witnesses, in Detroit, where they were on a visit of about three months in the year, 1883. The court refused to permit the depositions to be read, and we find no error in this ruling. The general reputation of a witness among his neighbors is the only legitimate subject of inquiry for the purpose of impeaching his credit upon the ground that his character is such that his evidence is not worthy of credit; neighbors are those who dwell near each other; and he who would testify as to the general reputation of a witness must be able to state what is generally said of the person by those among whom he dwells, or with

whom he is chiefly conversant. 1 Greenl. Evid., sec. 461 ; *Warlick v. Peterson*, 58 Mo. 408. Not by those among or with whom he may have sojourned for a brief period, and who have had neither time nor opportunity to test his conduct, acts, or declarations, or to form a correct estimate of either. A man's character is to be judged by the general tenor and current of his life and not by a mere episode in it.

Plaintiff offered to read in evidence a deed from the defendant, Tobias Hulett, to the said witnesses, Frank and John Hulett, whereby he conveyed to them, on the next day after the settlement of the twentieth of January, all his interest in all his lands, being the same lands attached and now held under attachment proceedings in this suit, also the affidavit, the writ and return, and the judgment in the attachment, and promised to show that said deed was voluntary, and without consideration. The defendant objected, and the court sustained his objection, and refused to permit the papers to be read. In this we think the court committed error, as it was competent for the plaintiff to affect the credit of defendant's two most important witnesses, by showing that they had an interest in the result of the suit. This evidence would have shown that they had a direct interest in such result, since a verdict for the defendant discharged the lands to which they held the legal title from all liability to being subjected to the plaintiff's debt, whilst a verdict for the plaintiff would be followed by a judgment that would be a link in the chain of evidence for plaintiff in a suit he might bring against them to set aside their deed. They thus had an interest adverse to plaintiff in the result of the issue on trial, and in the record of the case, a fact very important to be shown for the plaintiff, in the condition in which his case was at this stage of the trial; for, as it then stood, one interested and two apparently disinterested witnesses had contradicted his version of the settlement, when, if this

evidence had been admitted, his case would have presented the very different phase to the jury, of one interested witness, for himself, being contradicted by three other interested witnesses, for the defendant; besides, the evidence, unexplained, would have tended, in some degree, to sustain plaintiff's version of the settlement; for this purpose, however, not much importance is to be attached to it; for the other, it was important and material testimony. in the case, and should have been admitted.

The instructions given are unexceptionable, except two given for the defendant, and as the same error is found in each of them, it will only be necessary to notice the following:

"2. If the jury should believe, from the evidence in the case, that the agreement between the parties was that all the matters between them, including their mutual accounts, as shown in the pleadings, as well as in the suit upon the note offered in evidence, were to be, and were, settled and cancelled by the conveyance of the one hundred and sixty acres of land mentioned in the deed, then the issue joined between the parties must be answered in the affirmative, and the verdict will so find, and be for the defendant."

This instruction is within the issue submitted, but goes beyond, and in so far as it does so, is unsustained by the evidence in the case. All the witnesses for defendant testified that the terms of the agreement were that plaintiff was to give the land and his account for the note in suit, which the defendant held on him. There was not a particle of evidence tending to show that the agreement was that the defendant was to give the note *and his account* for the land and plaintiff's account. The instruction introduced a new factor, *i. e.*, defendant's account for $2,781.90, into the settlement, which is nowhere found in the evidence upon that subject, and was calculated to mislead the jury. The jury

McCarthy v. The Cass Avenue Ry. Co.

might well have considered a settlement reasonable by which defendant agreed to surrender a demand for $2,-781.90, which, to them, would have appeared unreasonable without that element in it, and thus their verdict be the result of taking into consideration a state of facts of which there was no proof, whatever.

For the errors stated, this cause is reversed and remanded. All concur.