THE STATE ex rel. EDNA GOESSLING v. CHARLES H. DAUES et al., Judges of St. Louis Court of Appeals.

Division Two, May 21, 1926.

1. **INSTRUCTIONS: Broader than Issues.**  An instruction should not be broader than the issues raised by the pleadings and evidence. If it broadens the issues, or is not based upon or authorized by the evidence, it is misleading and confusing, and should be refused.

2. **NEGLIGENCE: Motor Truck: Skid Chains: Instruction: Sole Cause of Injury.**  An automobile, in which plaintiff was riding, and a motor truck, driven by defendant's employee, collided on a slippery

State ex rel. Goessling v. Daues.

hard-surfaced street. The automobile was traveling upgrade about twelve miles an hour. The truck was being driven downgrade, on the south side of the street, near its center, at a speed of eighteen miles an hour, and when two or three lengths from the automobile it skidded around, to the north, making a circle, and its rear right wheel hit the automobile. The driver of the truck testified that it skidded, and on cross-examination was asked if he had skid chains with him, and he answered that he did, and defendant's counsel objected to the question and answer on the ground that they pertained to a matter not pleaded. The objection was overruled, and the witness was further examined at considerable length as to why he had not put skid chains on his truck. *Held*, that the trial court did not err in refusing to instruct the jury that if they found the injuries to plaintiff "were directly and solely caused by the fact that defendant's truck was not equipped with skid chains" their verdict must be for the defendant; and the Court of Appeals in holding that it was error to refuse the instruction contravened the decision of this court in Rettlia v. Salomon, 308 Mo. 673, and other cases. It being obvious that numerous other causes contributed to the skidding of the truck, and no evidence that the absence of chains was the sole cause, and there being no allegation that the failure to place skid chains on the car was the sole cause of the injury, the instruction broadened the issues made by the pleadings and evidence, and it was therefore properly refused.

Corpus Juris-Cyc. References: Negligence, 29 Cyc., p. 647, n. 70. Trial, 38 Cyc., p. 1611, n. 8; p. 1615, n. 22; p. 1617, n. 34; p. 1618, n. 35; p. 1619, n. 38.

## *Certiorari.*

RECORD QUASHED.

*Mark D. Eagleton, John F. Clancy, E. J. Hullverson* and *Harry S. Rooks* for relator.

In holding that there was evidence from which the jury could be permitted to find that failure to use skid chains on the truck was the sole cause of the collision and plaintiff's injuries, and in holding that it was reversible error for the trial court to refuse said instruction, the decision and opinion of the Court of Appeals is in conflict with the following controlling decisions of the

Supreme Court, to-wit: Rettlia v. Salomon, 274 S. W. 366; Kane v. Mo. Pac. Ry. Co., 251 Mo. 13; Plefka v. Knapp, Stout & Co., 145 Mo. 316; Goransson v. Mfg. Co., 186 Mo. 300; Strother v. Railroad, 188 S. W. 1102; Shunk v. Harvey, 284 Mo. 343; Warner v. Railroad Co., 178 Mo. 125. The above cases hold that evidence of failure to use a device that might merely have tended to prevent the occurrence that caused the injuries, without evidence adequate to show that the device if actually used would have prevented the injury, is insufficient to justify or require submission to the jury of the question whether failure to use the device did in fact cause the injuries. The opinion of the Court of Appeals holds contrary thereto and is in conflict with them.

*Bryan, Williams & Cave* for respondents.

The Court of Appeals in its opinion finds that "there was much evidence introduced tending to show that the collision was caused by the failure on the part of the driver to have his truck equipped with skid chains when he should have done so." And this Honorable Court cannot look beyond that opinion to determine whether such was, in fact, the case. But taking these facts as stated to be true, the only question for this court is one of conflicting or not conflicting between that opinion and any opinion of this court. State ex rel. v. Allen, 295 Mo. 307; State ex rel. v. Allen, 294 Mo. 214; State ex rel. v. Allen, 303 Mo. 318; State ex rel. v. Trimble, 299 Mo. 173; State ex rel. v. Trimble, 292 Mo. 377; State ex rel. v. Ellison, 281 Mo. 677. (a) Assuming the facts to be as stated by the Court of Appeals in its opinion, there cannot be even a contention that the opinion of the Court of Appeals is in conflict with any holding of this court. (b) And relator contends, and contends only, that the evidence in the case did not justify the statement of facts as made by the Court of Appeals in its opinion. In fact, relator goes so far as to say there is no evidence to sustain the finding set out in the opinion.

With that question, this court has no power to concern itself.

HIGBEE, C.—On the application of relator we issued our writ of *certiorari* to review the opinion and judgment of the St. Louis Court of Appeals reversing and remanding a judgment of the Circuit Court of the City of St. Louis in favor of the relator against Excelsior Press Company for damages for personal injuries sustained by relator in consequence of a collision between a Ford car driven by her husband, in which she was riding, and a truck driven by defendant's employee, on a slippery hard-surfaced street in the city of St. Louis. The following excerpts from the opinion of the learned Court of Appeals (270 S. W. 390) will suffice for a statement of the facts and rulings complained of. (Italics ours.)

"At the time of the accident the Ford car was ascending the grade and the truck was descending. The truck was being driven downgrade on the south side of the street, but near the center. The Ford car was traveling at the rate of about twelve miles per hour and the truck about eighteen miles per hour. When the truck got within two or three lengths away from the car in which plaintiff was riding the rear of the truck skidded around to the north, making a circle, and the rear right wheel of the truck hit the front wheel of the Ford . . . The driver of the truck, on the part of defendant, testified that the truck skidded, but that it did not strike the car in which plaintiff was riding. . . . On cross-examination of defendant's witness Wright, who was the driver of the truck, plaintiff's counsel asked him if he had skid chains with him, to which he answered, 'Yes, sir.' Counsel for defendant objected, after this question was asked and answer given, to the introduction of this testimony on the ground that it was not pleaded. The court overruled this objection and defendant excepted, after which witness was examined at some length with respect to why he had not put skid chains on. There were no further objections made in the testimony,

nor any motion made to strike out what had been introduced. In addition to the instructions heretofore referred to as given in the case [on the measure of damages] the defendant requested the court to give the following instruction, which the court refused to give: 'The court instructs the jury if you find and believe that the injuries, if any, to plaintiff were directly and solely caused by the fact that the defendant's automobile was not equipped with skid chains, then your verdict must be for the defendant.' . . .

"If plaintiff by proper instructions had requested the court to define the issues submitted to the jury for their consideration, the refusal of this instruction requested by defendant would doubtless not have been error. But no act of negligence in failing to have the truck equipped with skid chains was pleaded in the petition, and, therefore, plaintiff could not base her right to recover upon this act of negligence even if it had been admissible for other reasons. And defendant was entitled to have the jury so informed in view of the fact that the evidence was before them and no instructions had been given on behalf of the plaintiff defining the issues. If the failure to have skid chains was the *sole* cause of the injury, then plaintiff could not recover, because this was not alleged as a ground of recovery. There was much evidence introduced *tending* to show that the collision was caused by the failure on the part of defendant to have this truck equipped with skid chains when it should have done so. No such act of negligence was pleaded, although plaintiff relied upon specific negligence.

"The court erred in refusing to give defendant's requested instruction. The judgment is, therefore, reversed, and the cause remanded."

It is obvious from the statement of facts that there were a number of causes that may have contributed to the skidding of the truck; the down-grade and slippery condition of the street, the weight, speed and momentum of the truck, and the condition and efficiency of the tires

with which the truck was equipped. The opinion states "there was much evidence *tending* to show that the collision was caused by the failure on the part of defendant to have his truck equipped with skid chains when it should have done so," but it is not stated there was any evidence tending to show that "the failure to have skid chains was the *sole* cause of the injury."

The refused instruction is not predicated on the theory that the failure to have skid chains on the tires contributed to the injury, but it directed the jury to find for the defendant on a theory that finds no support in the evidence. An instruction should not be broader than the issues raised by the pleadings and the evidence. [Waddingham v. Hulett, 92 Mo. 528, 535, 5 S.. W. 27; Mound City Paint Co. v. Conlon, 92 Mo. 221, 229, 4 S. W. 922.] An instruction that broadens the issues or is not based upon or authorized by the evidence is misleading and confusing and should be refused. [Schumacker v. Breweries Co., 247 Mo. 141, 162, 152 S. W. 13; Meily v. Railroad, 215 Mo. 567, 597, 114 S. W. 1013; 38 Cyc. 1612.]

In Rettlia v. Salomon, 308 Mo. 673, 274 W. 368, the refusal of an identical instruction was assigned as error. The injury suffered by the plaintiff in that case was caused by an automobile which skidded on a slippery street. WHITE, J., there said: "In his testimony at the trial the defendant and his chauffeur stated there was snow on the ground, the street was slippery, and the car skidded against the post. But nowhere does either the defendant or his chauffeur say a word which conflicts with those statements in his deposition to the effect that his car was just as easily controlled, equipped as it was with non-skid tires, as it would have been with skid chains. This refused instruction is not predicated upon the absence of skid chains as *contributing* to the result, but the jury was asked to return a verdict for the defendant if the absence of skid chains was the *sole* cause of the injury. There is not a particle of evidence upon which to base that instruction."

For other cases in point, see Strother v. Railroad, 188 S. W. 1102 (6), and Kane v. Railroad, 251 Mo. 13, 27, 157 S. W. 644.

The opinion of the learned Court of Appeals being in conflict with controlling decisions of this court, it results that its record must be and is hereby quashed. *Railey, C.*, concurs.

PER CURIAM:—This case coming into Court in Banc, the foregoing opinion by HIGBEE, C., in Division Two, is adopted as the decision of the court. *Walker, White, Atwood, Graves* and *Otto, JJ.*, concur; *Blair, C. J.*, and *Ragland, J.*, dissent.