STATE OF MISSOURI at the relation of J. W. BANKS, Relator, v. J. D. HOSTETTER ET AL., JJ.—125 S. W. (2d) 835.

Court en Banc, March 7, 1939.

156

*Strubinger, Tudor & Tombrink* and *Russell Garnett* for relator.

*J. Edward Gragg, Everett Hullverson* and *Robert L. Aronson* for respondents.

DOUGLAS, J.—This is an original proceeding in certiorari to determine whether there is conflict with our decisions in the ruling of the St. Louis Court of Appeals in the case of James F. Day, plaintiff, v. J. W. Banks et al., defendants, reported in 102 S. W. (2d) 946.

The facts out of which that action arose as found in the opinion show that the plaintiff James F. Day with his late wife Lydia Day, their son Silver Day and their son's wife Rosella Day, were taking a ride together in a Hupmobile automobile. In the night they were driving along U. S. Highway No. 66, a paved four-lane highway, in St. Louis County when motor trouble developed. The engine stalled and they stopped on the highway near Sappington Road, the automobile being parked partially on the pavement and partially on the shoulder. The son, Silver Day, got out of the automobile, looked at the engine, could not discover the cause of the trouble so walked back toward a filling station about one-half mile east. When he reached a point about one hundred yards to the rear of the automobile he stopped and looked back and saw that the tail-light was lighted. The plaintiff also got out of the automobile with his son and assisted him in looking for the trouble with the engine, but after three or four minutes reentered the automobile where he remained chatting with his wife and daughter-in-law who were seated in the rear seat. After two or three minutes defendant's truck collided with the rear of the parked automobile. Plaintiff did not see the truck before the accident and did not know the cause of the accident until after the collision when he and his wife got out of the automobile and saw the truck in contact with its rear end.

The driver of the truck testified that he was driving his three-ton loaded truck westwardly on No. 66 at a speed of twenty-five to thirty miles an hour. As he approached the scene of the collis-

ion, automobiles were approaching him with blazing headlights which momentarily blinded him and that he did not see the parked automobile in which plaintiff and the others were sitting until he was twenty-five to thirty feet from it. He said no tail-light was burning on it. He applied his foot and emergency brakes and swerved his truck to the left as far as he was able, but the right end of his bumper struck the left rear center of the automobile. He said that under conditions then existing at the speed he was traveling he could have stopped within forty to forty-five feet.

Plaintiff brought suit in the Circuit Court of St. Louis County on two counts, the first for injuries to himself and the second for damages resulting from the death of his wife. The jury returned a verdict in his favor for $1500 on the first count and for $5000 on the second count. The opinion under consideration affirmed the judgment and defendant Banks has applied for certiorari.

The trial court on each count submitted the case to the jury solely under the humanitarian doctrine. Relator complains of these instructions.

Respondents first argue that as the instructions complained of are not fully set out in the opinion they are not before this court. However, they were referred to and made in part a basis of the ruling so that we may consider them as if fully set out in the opinion. Such was the holding in State ex rel. Talbott v. Shain et al., 334 Mo. 617, 66 S. W. (2d) 826, citing many cases and finally putting to rest a contrary contention.

Instruction No. 2 under the first count, and Instruction No. 3 under the second count each told the jury that if defendant could have stopped the said truck *or slackened the speed thereof* or swerved the same and that defendant, his agent and servant could thus and thereby have prevented the truck from striking plaintiff and the automobile in which plaintiff was then and there seated, and that defendant, his agent and servant, failed to do so, and in so failing, if you so find, was negligent, and that plaintiff and the automobile in which he was then and there seated were struck and plaintiff was injured as a direct result of such negligence, if any, then the Court instructs you that your verdict must be in favor of the plaintiff and against the defendant on Count 1 of plaintiff's petition." Instruction No. 3 contains the italicized phrase and is the same as No. 2 as to the above portion except that the name of Lydia Day, deceased, plaintiff's late wife is inserted in place of the word "plaintiff" and the instruction directs a verdict under Count 2 instead of Count 1.

About these instructions the respondents hold: "Defendant next complains that instructions numbered 2 and 3, given for plaintiff, were erroneous in that they submitted to the jury the question of the slackening of the speed of defendant's truck. It is argued

that there was no evidence to show that the collision would have been prevented by the slackening of the speed of the truck in view of the fact that the Hupmobile was standing still at the time of the collision.

"The element of failure to slacken speed could well have been omitted in this case. However, in view of the evidence showing the manner in which the collision occurred, as to which there was no dispute, we cannot believe that the jury were misled to the extent of basing their verdict on the element of failure to slacken the speed alone. Not being convinced that the error in the instructions was such as to materially affect the merits of the action, we do not feel warranted in reversing the judgment on this ground. [Section 1062, R. S. Mo. 1929 (Mo. Stat. Ann., sec. 1062, p. 1352).]"

Relator claims that such holding is in conflict with the decision of this court, en banc, in the case of Sevedge v. Kansas City, St. Louis & Chicago Railroad Co., 331 Mo. 312, 53 S. W. (2d) 284. There it was decided that it was prejudicial error to instruct the jury on the failure to slacken when there was no evidence that slackening would have prevented the collision.

Respondents argue that the Sevedge case is not in point on the question of conflict because the opinion before us holds that the judgment of the trial court should be affirmed because the error in the instructions did not materially affect the merits of the case relying on Section 1062, Revised Statutes 1929, which admonishes the appellate courts that they may not reverse a case unless they shall believe that the error committed materially affected the merits of the action. Respondents then conclude that since relator has cited no cases on the applicability of Section 1062 there has been no conflict shown between the decision of the respondents based upon such statute and any prior controlling decision of this court. This argument will not avail respondents.  █  We are not bound by an expression of the Court of Appeals in its opinion as to what the result should be after the law is applied to the facts stated in the opinion where such result conflicts with a controlling decision of this court. Nor are we bound merely by a declaration of the Court of Appeals that the facts they have set out are not similar to those in our decisions. If such would be the case we would be "completely disarmed and unable to preserve harmony in our judicial decisions." [State ex rel. K. C. So. Ry. Co. v. Shain et al., JJ., 340 Mo. 1195, 105 S. W. (2d) 915; State ex rel. Ward v. Trimble, 327 Mo. 773, 39 S. W. (2d) 372.]

Respondents further contend that the Sevedge case is not applicable because it involved a collision between a railroad train and an automobile at a grade crossing while the instant case involved a collision between two automobiles on a highway. No reason is advanced as to why such contention should be sustained nor do we see

any. The assignments of negligence are stated in the disjunctive. Failure to slacken, as used in these instructions, is assigned as a single, definite, precise element of negligence. It is neither made a part of nor included nor incorporated within any other assignment of negligence. It is assigned as a *sui generis* foundation of negligence.

The facts in the Sevedge case show that plaintiff was driving his automobile along a street which crossed a railroad track. When he was on the tracks a loose crossing plank caused his front wheels to be swerved sharply to the left so that he was running at right angles to his former course and down the tracks. He stopped his car several feet off the side of the crossing, backed up, straightened his car and was about to drive off the crossing when his automobile was struck. There was a clear view of the crossing to the trainmen from 1000 feet. The occupants of the automobile knew nothing of the approach of the train and were oblivious of its approach until it was upon them. Error was assigned in giving an instruction under the humanitarian doctrine which included the element of the failure to slacken on the ground that there was no evidence that the collision could have been delayed for a sufficient length of time to have avoided the collision. In holding that this was prejudicial error, we said: "Where, as in Gann v. Ry., 6 S. W. (2d) 39, 41, 319 Mo. 214, it appears from the whole record that the driver of an automobile is conscious of the approaching train and is striving with engine going to clear the track and can do so if given approximately an instant more, the situation speaks plainly for itself to the lay mind without the aid of expert testimony. But in this case the occupants of the car said they knew nothing of the approach of the train until it was upon them. The automobile had run west with the right front wheel just north of the north rail until the front wheels were off the west end of the board crossing. The automobile was then put in reverse gear and backed up again on the crossing, and started north with one or both of the front wheels just across the north rail when the train struck it about the middle or just behind the front wheels. We find no evidence whatever as to the speed of the automobile at that moment or what length of time it would have required to clear the crossing. In this state of the record the jury could only speculate as to whether or not slackening the speed of the train would have prevented the collision. Appellants' criticism of the instruction in this respect is well founded. It follows that appellants' withdrawal as to this issue should have been given." [Sevedge v. K. C., St. L. & Chi. Ry. Co., 331 Mo. 312, l. c. 320, 53 S. W. (2d) 284.]

In the instant case respondents argue that as the collision could not have been avoided by mere slackening because the automobile was stationary that the jury could not have been misled. However, they agree that this is not a suit for property damage to the auto-

mobile but for personal injuries. Therefore injury could have been prevented, if the collision could not, if the occupants had stepped out of the automobile before the collision as they did immediately after it. On the other hand it is conceded that the persons injured were oblivious of the approach of the truck just as the persons in the Sevedge case were oblivious of the approach of the train. It is true that a slackening of the speed would have given plaintiff a longer time in which to become aware of his danger, but it is also true here, as it was in that case, that the jury could only speculate as to whether or not slackening of the speed would have prevented the injury. Furthermore, respondents concede that there was no evidence to support such a charge. In their opinion they state that defendant claimed there was no evidence to support an instruction on slackening and then they conclude that "the element of failure to slacken speed could well have been omitted."

Respondents' further argument before us is ingenious. They say: ". . . To use another expression, slackening of speed is something short of stopping and may be 'almost stopping.' Relator's truck in this case could have been so driven that its speed could have been reduced to an almost imperceptible pace, which would not have caused injury to Day or to his deceased wife. This is not a suit for property damage to the Day automobile, but a suit for personal injuries, and the automobile in which the respective plaintiffs were seated was something of a buffer which would have prevented injury from only a slight blow.

"Collision could have taken place between the truck and the automobile (by 'collision' we mean 'contact') without injury to the occupants of the car. If the impact had been slight, no personal bodily damage would have been inflicted upon anyone. It was the force and violence of the collision which produced the injuries here complained of. Failure to slacken speed necessarily produced a greater force and violence in the impact."

This argument cannot be relevant here because under it the necessity of reliance upon speculation would be even more increased. An instruction must be sustained by the evidence and may not invite a verdict based on conjecture or speculation.

Harmony in judicial decisions is essential and forces us to the decision which we have reached in this case. Such is the purpose of this proceeding. [State ex rel. Vulgamott v. Trimble, 300 Mo. 92, 253 S. W. 1014.] The necessity for it on the subject discussed is well demonstrated by the lack of uniformity and resulting confusion in the decisions cited by the parties as well as in others which we have found. Therefore, that part of respondents' opinion above set out which we have found to be in conflict with our ruling in the Sevedge case and such record as was made pursuant to it should be quashed. It is so ordered. All concur, except *Clark, J.*, not sitting.