H. C. WHITTLE, Appellant, v. GUY A. THOMPSON, TRUSTEE, etc.—No. 38625.—179 S. W. (2d) 22.

Division One, March 6, 1944.

Rehearing Denied, April 3, 1944.

*Homer A. Cope, Cope & Hadsell* and *Walter A. Raymond* for appellant.

*Leslie A. Welch, Richard H. Beeson* and *David P. Dabbs* for respondent.

GANTT, J.—Action to recover $25,000 for personal injuries. The defendant Guy A. Thompson is the trustee in bankruptcy for the Missouri Pacific Railroad Co. At the time of the injury plaintiff was walking near a track on defendant's right-of-way. He claims that he was struck by an unfastened and swinging door of a refrigerator car in a passing train. The petition alleged general negligence. The answer was a general denial with a plea of contributory negligence. The reply was a general denial. Questions under the humanitarian rule are not involved in the case. It is a question of primary negligence under res ipsa loquitur. Judgment was entered on a verdict for the defendant and plaintiff appealed. He assigns error on instructions given at the request of defendant. We first con-

sider the contention that the court, at the close of the evidence, should have directed a verdict for the defendant. The company argues that its only duty was not to wantonly and wilfully injure the plaintiff. The evidence favoring the plaintiff follows:

In March, 1938, a W. P. A. project was located a mile and a half south of Leeds in Jackson County and near 43d Street and the Blue River. Defendant's tracks extend from Leeds southward toward the project. In going to the project many of the W. P. A. employees rode the bus from Kansas City and other places to Leeds. In great numbers they walked from Leeds toward the project over the company's right-of-way and on a path near the track. At the end of the day's work they walked on said path in returning to Leeds. In using the path, they ignored defendant's signs notifying the public that trespassing on defendant's property "is absolutely forbidden." From the beginning the company knew that the employees of the project were regularly ignoring the notice to trespassers. 'On the west side of the track in question there is located an icing platform of great length from which ice is loaded into cars. It is nine feet wide, fifteen feet high and supported by wooden columns resting on cement bases. The space underneath the platform is not enclosed. The distance between the east side of the loading dock and the nearest rail is four feet, eleven inches. The over-hang of the cars beyond the rail is eighteen inches. It follows that the space between the west side of a car on the track and the supporting columns on the east side of the loading dock is three feet five inches. The W. P. A. employees could walk under the loading dock. Some of them did so when it was raining. However, the ground under the loading dock was rough and usually small chunks of ice were sparsely scattered over the ground.

Plaintiff's first day as an employee of the project was June 6, 1938. He rode the bus to Leeds and followed other project employees southward on a path between the west rail of the track and the east columns supporting the loading dock to a point near the project. In returning home at the end of the day's work, he followed other employees walking northward on the path to Leeds, and other employees. followed plaintiff on the path. As he walked northward he heard a noise, looked back over his right shoulder, and saw a freight train drawn by a locomotive moving northward on the above mentioned track. Thereupon he moved "a little bit further" toward the columns supporting the loading dock. He continued northward, walking close to the columns. The sixth or seventh car from the engine was a refrigerator car which had a four foot opening in the side of the car with two doors two feet in width. The doors opened toward each end of the car. As the refrigerator car approached plaintiff, its rear door was open and against the side of the car. At that time the train, moving twelve or fifteen miles per hour, slackened speed, which caused this door to swing out and forward, striking plaintiff

on the back and shoulders. As a result, he fell to the ground. He had no warning of the unfastened and swinging car door. There was evidence for the defendant tending to show that plaintiff "walked into the side of a moving box car", which caused him to fall.

█ It is the duty of a railroad company to anticipate the presence of invitees on a station platform. It also is the duty of the company to exercise ordinary care to avoid injury to said invitees by inspecting its trains to discover and eliminate objects projecting from a moving train or objects that may be thrown from a moving train. [Turner v. Railroad, 346 Mo. 28, 142 S. W. 2d 455.]

We announced the same rule with reference to employees along the right-of-way. [Noce v. Ry., 337 Mo. 689, 85 S. W. 2d 637.]

We also announced the same rule with reference to persons on a public highway and near the track. [Evans v. R. R. Co., 342 Mo. 420, 116 S. W. 2d 8.]

█ In the instant case the company must be charged with notice that the employees of the W. P. A. were ignoring its warning signs and regularly using the above mentioned path. If so, they were licensees and it was the duty of the company and its train crew in charge of a moving train to anticipate the presence of persons on or near that part of the company's track above mentioned. It also was the duty of the company and its train crew in charge of a moving train to exercise ordinary care to "keep a lookout" and avoid injury to persons on or near said part of the track by warning them of the approach of the train. In other words, the duty of the company to a licensee near a track is limited to a "lookout" and "warning." █ [Savage v. Ry., 328 Mo. 44, 40 S. W. 2d 628.]

█ Thus it appears that a licensee near a railroad track is afforded no protection against objects projecting from a moving train or objects that may be thrown from a moving train. The company is required to anticipate the presence of invitees, employees and persons on a highway near the track. It also is required to anticipate the presence of licensees near the track. If so, we can think of no reason for protecting invitees, employees and persons on a highway near the track from objects projecting from a moving train or objects that may be thrown from a moving train and denying said protection to a licensee. If a company is required to exercise ordinary care to avoid injuring a licensee near the track by a warning of the approach of the train, why should it not be required, as a protection to said licensee, to exercise ordinary care in inspecting its trains at the point of origin and en route to discover and eliminate said highly dangerous objects? The limitation of ordinary care on the part of the company to warning a licensee near the track of the approach of a train cannot be justified on any reasonable theory. We think the licensee rule, under the facts of this case, should be extended to include protection against said highly dangerous objects connected with a moving train. The

question has been given consideration in 44 Am. Jur., pp. 642, 699, and 112 A. L. R., pp. 842, 850.

Defendant cites cases as follows: Carr v. Mo. Pac., 195 Mo. 214, 92 S. W. 874; Stevenson v. K. C. S. Ry. Co., 348 Mo. 1216, 159 S. W. 2d 260; Gilliland v. Bondurant, 332 Mo. 881, 59 S. W. 2d 679; Angelo v. Baldwin, 343 Mo. 310, 121 S. W. 2d 731; Evans v. Sears, Roebuck & Co., 129 S. W. 2d 53; Connole v. Floyd Plant Food Co., 96 S. W. 2d 655.

The cited cases may be distinguished on the facts. It follows that the plaintiff made a case for the jury.

■ We now consider plaintiff's assignments of error on instructions. At the request of the defendant the court directed the jury as follows:

"The court instructs the jury that the burden of proof is on the plaintiff to show by the greater weight of the evidence that he was injured by the negligence of the defendant. You should not find that the defendant was negligent from the mere fact of the injuries, if any, to the plaintiff, if you find and believe from all the evidence in the case that the defendant was not negligent. And if you do find and believe from all the evidence in the case that the defendant was not negligent, then your verdict should be for the defendant."

Plaintiff argues that the reference in the instruction to his injuries constituted a "singling-out" and "misleading comment on the evidence" as to said injuries in that it tended to cause the jury to think that the nature of said injuries constituted no evidence as to the manner in which he was injured. In other words, he argues that the injuries to his back and shoulders tended to corroborate his testimony that he was struck by a swinging door and not injured by walking into the side of a car. We do not think the jury would so understand the instruction. If the instruction had directed the jury that it should not find the defendant was negligent from the mere fact of injuries to plaintiff's back and shoulders, there would be reason for plaintiff's assignment of error. There is nothing in the record tending to show that the jury misunderstood the instruction. Furthermore, similar instructions have been approved. [Moss v. Wells, 249 S. W. 411, 413; Manthey v. Kellerman Contr. Co., 311 Mo. 147, 277 S. W. 927, 933; Barraclough v. Union Pac., 331 Mo. 157, 52 S. W. 2d 998, 1002.]

Plaintiff cites cases as follows: Fowlkes v. Stephens, 342 Mo. 247, 114 S. W. 2d 997; Hartman v. Hartman, 314 Mo. 305, 284 S. W. 488; Gardner v. St. Louis Union Trust Co., 85 S. W. (2d) 86; Littig v. Urbauer-Atwood Heating Co., 292 Mo. 226, 237 S. W. 779; Bohn v. City of Maplewood, 124 S. W. 2d 649; Dawes v. Starrett, 336 Mo. 897, 82 S. W. 2d 43; Orris v. Ry. Co., 279 Mo. 1, 214 S. W. 124; Unterlachner v. Wells, 278 S. W. 78. The cited cases are without application to the facts of this case. The instruction was not prejudicial.

■ At the request of the defendant, the court also directed the jury as follows:

"The court instructs the jury that if you find and believe from the evidence that a reasonably prudent and careful person in the same circumstances as was the plaintiff ■ when he heard and saw the train in question approaching from his rear, would, in the exercise of ordinary care for his own safety, have stepped or moved over under the ice rack before said train reached him and that plaintiff carelessly and negligently failed to so move, then the plaintiff was guilty of negligence and if you find and believe from the evidence that such negligence, if any, was the direct and proximate cause of his injuries, if any, then plaintiff is not entitled to recover and your verdict shall be for the defendant."

The plaintiff makes six assaults on the instruction as follows:

(1) There was no evidence tending to show that the plaintiff was guilty of contributory negligence, citing Cento v. Security Bldg. Co., 99 S. W. 2d 1; State ex rel. Elliott's Dept. Store Co. v. Haid, 330 Mo. 959, 51 S. W. 2d 1015; State ex rel. Banks v. Hostetter, 344 Mo. 155, 125 S. W. 2d 835, 838; Gundelach v. Compagnie Generale Trans-Atlantique, 41 S. W. 2d 1; Althage v. People's Motorbus Co., 320 Mo. 598, 8 S. W. 2d 924, 926; Kuhlman v. Water, Light & Transit Co., 307 Mo. 607, 636, 271 S. W. 788; State ex rel. Goessling v. Daues, 314 Mo. 282, 287, 284 S. W. 463; Goodwin v. Eugas, 290 Mo. 673, 684, 236 S. W. 50; State ex rel. v. Ellison, 223 S. W. 671, 673; Meily v. R. R., 215 Mo. 567, 597, 114 S. W. 1013.

(2) The instruction does not submit facts from which a jury could find contributory negligence, citing Pearrow v. Thompson, 343 Mo. 490, 121 S. W. 2d 811; Alexander v. Hoenshell, 66 S. W. 2d 164; Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S. W. 2d 54.

(3) The instruction did not require a finding that plaintiff, by the exercise of ordinary care, should have known of the danger incident to walking near a railroad track, citing Crawford v. K. C. Stock Yards Co., 215 Mo. 394, 114 S. W. 1057; Gleason v. Texas Co., 46 S. W. 2d 546.

(4) The instruction is an unwarranted comment on the evidence and an argument in favor of the defendant, citing Rice v. Jefferson City Bridge & Transit Co., 216 S. W. 746; Holloway Cotton & Grain Co. v. Mo. Pac. Co.; 77 S. W. 2d 189; Dohring v. K. C., 81 S. W. 2d 943; Lammert v. Wells, 320 Mo. 952, 13 S. W 2d 547.

(5) The instruction gives undue prominence to plaintiff's failure to move under the ice rack and invades the province of the jury, citing Colwell v. Ry. Co., 335 Mo. 494, 73 S. W. 2d 222; Lithegner v. City of St. Louis, 125 S. W. 2d 925; Kennedy v. Phillips, 319 Mo. 573, 5 S. W. 2d 33.

(6) The instruction assumes .that plaintiff was not exercising ordinary care because he did not move farther from the track, citing Clark v. Atchison & Eastern Bridge Co., 324 Mo. 544, 24 S. W. 2d 143.

We find no unwarranted comment, argument, undue prominence of any kind or assumption of any kind in the wording of the instruction. Of course, the instruction did not hypothesize facts for submission to the jury. It was unnecessary, for the location of the track, icing platform, path and other facts relating to the issue of contributory negligence are admitted. [Vol. I, Raymond, Missouri Instructions, p. 67.] Furthermore, plaintiff was conscious of danger and moved farther from the track on discovering the approaching train. Under the circumstances, and in the exercise of ordinary care, should he have moved still farther from the train? This question was for the jury on the issue of contributory negligence.

The instruction under consideration measured plaintiff's conduct "by that of a prudent person under like circumstances". We approved this standard of measurement in words as follows: "The court, after stating the abstract proposition that plaintiff could not recover, though the defendant was guilty of negligence, if O'Connor was also negligent, proceeds to say: 'It was O'Connor's duty, and he was bound to use his eyes and ears as an ordinarily prudent man would under similar circumstances, to detect the dangers of the situation; and if he failed to do this, which, if he had done, the injury would not have resulted, then his widow, the plaintiff here, cannot recover, although the car was negligently kicked across the street as charged in the petition.' There can be no valid objections to these instructions so far as they relate to negligence on the part of the defendant. And as to contributory negligence on the part of the deceased, we know of no better guide than to measure his conduct by that of a prudent person under like circumstances." [O'Connor v. Mo. Pac. Ry. Co., 94 Mo. 150, 156, 7 S. W. 106.]

The many cases cited by plaintiff are not authority under the facts of this case. The instruction was not erroneous. The judgment should be affirmed. It is so ordered. All concur.