HUGHES v. THE CHICAGO & ALTON RAILROAD COMPANY, *Appellant.*

127   447|
84a 503|
127   447|
93a ¹638|

### Division One, March 12, 1895.

1. **Practice**: INSTRUCTIONS: NEGLIGENCE.   The fact that an instruction, authorizing a recovery by plaintiff, in an action for personal injuries resulting from defendant's negligence, ignores plaintiff's contributory negligence, does not constitute reversible error, where such defense is fully presented in the instructions given for the defendant. (*Owens v. Railroad*, 95 Mo. 169, *followed*).

2. **Contributory Negligence**: PLEADING.   Contributory negligence is an affirmative defense, and, to be available, must be pleaded.

3. **Railroad**: PASSENGER: NEGLIGENCE.   The fact that a railroad company has been accustomed, without injury to anyone, to throw mail sacks from its trains, while in motion, does not prevent the throwing of a sack, whereby a passenger on its platform is injured, from being negligent.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Boyd & Murrell* for appellant.

(1)   The instructions given by the court at the instance of the plaintiff are illegal and improper.   They

ignore all evidence tending to prove negligence of the plaintiff, and virtually direct the jury to find for the plaintiff, regardless of whether or not he was guilty of negligence which was the proximate cause of his injury. See Thompson on Trials, sec. 2328; *Sheedy v. Streeter*, 70 Mo. 684; *Maxwell v. Railroad*, 85 Mo. 96; *Sullivan v. Railroad*, 88 Mo. 169; *Dougherty v. Railroad*, 97 Mo. 661; *Owens v. Railroad*, 95 Mo. 169. (2) The court erred in refusing the instructions asked by defendant, and in giving the first, second and third as amended by the court. Said instructions as asked correctly stated the law of the case. See *Nelson v. Railroad*, 68 Mo. 593; *Yarnell v. Railroad*, 75 Mo. 576; *Swigert v. Railroad*, 75 Mo. 480; *Rine v. Railroad*, 88 Mo. 400; *Jackson v. Railroad*, 119 Mo. 13; *Reardon v. Railroad*, 114 Mo. 405. (3) The fourth instruction asked by the defendant and refused by the court, properly declared the law. See Whitaker's Smith on Neg., page 421; Thompson on Neg., pp. 1227, 1230.

*Alf. F. Rector* and *Samuel Davis* for respondent.

(1) Instructions 1, 2 and 3, given at the instance of plaintiff, properly declare the law of this case. The evidence shows that the relation of passenger and carrier existed between plaintiff and defendant at the time of the injury. *Railroad v. Rector*, 104, Ill. sec. 396; 2 Am. & Eng. Encyclopedia of Law, page 742, 744, and cases cited; *Railroad v. Perry*, 58 Ga. 467. (2) The defendant was bound to exercise greater care toward plaintiff than if he had been a mere trespasser or casual visitor on the depot platform. 2 Am. & Eng. Encyclopedia of Law, 745. (3) Plaintiff was where he had a right to be and where the servants of defendant in charge of the mail sacks knew people were likely to be found at that time. The throwing off of the

mail sack at that place was a dangerous act and well
known to be such by the person who threw the sack.
Plaintiff did not know, and had no reason to appre-
hend, that the mail sack would be thrown off, or that
there was any danger whatever in walking on the plat-
form in the way he did, notwithstanding the approach
of the train. Defendant is, therefore, liable for the
acts of its servants, if they saw, or by the exercise of
ordinary care, could have seen, plaintiff in time to have
avoided the injury. In other words, the sack should
not have been thrown off at all, unless the person who
threw it actually knew that there was no one in a posi-
tion to be struck and injured by it. *Sargeant v. Rail-
road*, 114 Mo. 348; *Fiedler v. Railroad*, 107 Mo. 645;
*Guenther v. Railroad*, 108 Mo. 18; *Lynch v. Railroad*,
111 Mo. 601; *Dobiecki v. Sharp*, 88 N. Y. 203; *Carpen-
ter v. Railroad*, 97 N. Y. 494; *Snow v. Railroad*, 136
Mass. 552. (4) "Negligence is not imputable to a
person for failing to look out for danger when under
the surrounding circumstances he had no reason to
suspect any." *Langan v. Railroad*, 72 Mo. 392; *Jen-
nings v. Railroad*, 112 Mo. 286. (5) Any error which
may exist by reason of the failure of plaintiff's instruc-
tions to cover the whole case is cured by the instruc-
tions given for defendant, which submitted the ques-
tion of contributory negligence to the jury in a much
more favorable manner than the evidence warranted.
(6) The court did not commit error in amending the
defendants first, second and third instructions; the
facts in this case bring it clearly within the purview of
the rulings of this court in *Guenther v. Railroad*, 108
Mo. 18; *Feidler v. Railroad*, 107 Mo. 645; *Lynch v.
Railroad*, 111 Mo. 601; *Sullivan v. Railroad*, 117 Mo.
214. (7) The fourth instruction asked by defendant
was properly refused. A custom or usage can never be
invoked to shield a party from negligence, nor to

justify the doing of a dangerous act under circumstances where injury is likely to result. "A custom which is unreasonable or dangerous and productive of injury can not, in any degree, excuse an act done in conformity to it." *Hill v. Railroad*, 55 Maine, 438.

ROBINSON, J.—This is a suit for personal injuries to plaintiff, alleged to have been received by him while at defendant's depot platform in the city of Independence in this state. Defendant is a corporation operating a line of railroad from the city of Louisiana in Pike county, Missouri through the city of Independence to Kansas City.

The petition states in substance that on the nineteenth day of December, 1891, plaintiff, intending to become a passenger on one of defendant's trains, and having purchased a ticket for that purpose at defendant's depot, was awaiting the arrival of the train on which he desired to take passage, and that while walking on the platform in front of said depot, one of defendant's trains passed said depot running at a very rapid rate of speed, carrying heavy mail sacks made of leather and iron, one of which was, by the servants of defendant, negligently and carelessly thrown from the baggage car of said train and struck plaintiff, thereby breaking his leg and otherwise injuring him; and, further, that defendant, knowing of the danger attending the throwing off of said sacks to persons on its platform failed to notify plaintiff of said danger, and negligently failed to place on or near said platform any signal to warn persons of the danger of being on the platform when its trains were passing, or the fact that mail sacks would be thrown off at that time and place. The plaintiff was ignorant of the fact that mail sacks were to be thrown from said train and ignorant of the danger incurred by being on said platform at the time

and place when he was struck, and plaintiff was thereby thrown off his guard, and prevented from taking the necessary steps to avoid injury, and that by reason of defendant's negligence plaintiff was greatly injured, etc. Defendant filed a general denial coupled with a plea of contributory negligence on part of plaintiff, to which the usual replication denying new matter contained in answer was filed.

The case was tried by a jury on instructions, and resulted in a verdict for plaintiff for $5,000. Facts were testified to tending to prove every phase of the case as presented by the instructions given by the court, and the only error assigned by appellant, asking a reversal of the judgment, is that the court gave improper instructions for plaintiff, and improperly modified instructions numbers 1, 2 and 3 asked by defendant, and in refusing instruction number 4 asked by defendant. As we understand the errors complained of, it will be unnecessary to give the facts of this case, but content ourselves by saying that testimony was offered tending to prove the allegations of both the petition and answer filed thereto.

The error alleged against the giving of instructions for plaintiff was, that they ignored all evidence tending to prove negligence on part of plaintiff and directed a finding for plaintiff on the facts alone as submitted by plaintiff, and that they singled out parts of the evidence not of themselves decisive of the case and directed a finding upon them alone for plaintiff.

While instruction number 1 given for plaintiff, which declares in effect "that if a mail sack was thrown from a rapidly moving train so as to strike plaintiff who was at defendant's depot as a passenger awaiting to take passage on one of its trains, and that when said sack was thrown or dropped from said train plaintiff was seen, or by the exercise of proper care and

caution could have been seen by the person who threw or dropped said sack in time to have prevented the injury, then the dropping or throwing of said sack under such circumstances constituted negligence and the jury must find for plaintiff," wholly ignored the questions of plaintiff's contributory negligence (if any was shown by the testimony) and asserted a right of recovery under the circumstances named in it, without containing the requirement of any care or caution on part of plaintiff, and without reference, direct or in anywise, to the issues raised by the defendant, or on the issues as presented by defendant's instruction, yet in view of the instruction given in the case for defendant, which set out so clearly and fully the rights of defendant, the duty, obligation, assumption and care on part of plaintiff, we can not say that reversible error was committed by the trial court.

This court has repeatedly held, since the decision in the case of *Owens v. Railroad*, decided in the 95th Mo. 169, overruling the contrary doctrine announced in the case of *Sullivan v. Railroad*, decided in the 88th Mo. 182, as well as in numerous cases earlier than the *Sullivan case*, that, where a series of instructions taken together contains a complete exposition of the law and covers every phase of the case, the verdicts obtained thereon will be sustained, even though the instructions when taken separately may be incomplete, and open to objection and criticism; that, if, taken together, the full law of the case can be ascertained, they are complete, and there is no necessity for "qualifying each instruction, by an express reference to the others."

The same complaint was made to the giving of the other three instructions for plaintiff as were made to the first. Under our view of the law all are cured by the instruction given for defendant, though incomplete and erroneous as each would have been, if considered

alone and of itself; but with the instructions of defend-ant supplementing those given for plaintiff, the respective theories of each party to the litigation were harmoniously and consistently given to the jury, and we think no injury was done.

The soundness of the legal propositions contained in either or all of the instructions for plaintiff, as independent declarations of law, is not disputed by appellant, but it denies the right of the court to direct a recovery under the circumstances named in one or all of the instructions asked for plaintiff without the requirement of care or caution on the part of plaintiff submitted.    Contributory negligence is a matter of affirmative defense that must be set up by a defendant in all cases, if he wishes to avail himself of it, and the plaintiff will not be called upon or required to invoke it in his instruction in behalf of defendant.

Appellant's complaints that the court refused to give instructions numbered 1, 2 and 3, asked by it, and committed error in amending same, appear rather inconsistent and irreconcilable with its first assignment of error, when it is stated that the amendment made by the court to defendant's instruction was simply by adding to the end of each, these qualifying words: "Unless the jury shall believe from the evidence that the person dropping the mail sack saw the plaintiff, or by the exercise of ordinary care could have seen him, in time to have avoided the injury." In other words the court erred when it submitted an instruction to the jury in behalf of plaintiff that failed to contain a full and complete exposition of the law in the case in each instruction, yet sinned most grievously when it undertook to widen the scope of instructions asked by defendant by a simple amendment that appellant himself does not controvert the soundness of the legal propositions

contained therein, or deny that they are involved in the consideration and determination of the case.

Appellant next complains that the trial court erred in refusing to give instruction numbered 4 asked by it, in words and figures following:

"If the jury believe from the evidence that for a period of eight months before the nineteenth of December, 1891, it had been the ordinary custom of defendants to throw mail sacks from its train upon the platform at Independence while such train was in rapid motion, and that no personal injury had occurred to any one from such throwing off of mail sacks prior to that date, and that on the morning of the nineteenth of December, 1891, mail sacks were thrown from such train in the same manner and with the same care they had usually been thrown prior to that date, then the jury will not be warranted in finding that mail sacks thrown from the train on December 19, 1891, aforesaid, were negligently thrown off."

The giving of the instruction would amount to the assertion that a custom, however dangerous to human life it might be, had it been pursued for a period of eight months by defendant without injury to any one up to the date of the injury complained of, might be interposed as a defense, by the party exercising it, from the consequences of its dangerous continuance. The duty enjoined upon defendant to exercise care, caution and vigilance is not dependent upon the fact that on some former occasion a like injury had happened at this exact place and under similar circumstances and conditions. The act itself was dangerous. The consequences of it could have been reasonably foreseen, and injuries from it reasonably been avoided only by the exercise of the greatest care on part of defendant to warn all persons on its platform to be on the lookout.

There was a natural and probable connection between throwing a mail sack from a fast moving train upon a platform where passengers might be expected to be, and where they were invited and solicited to be by defendant itself, and the injury which actually happened to this plaintiff. Neither the previous vigilance of plaintiff for the past eight months (if it was its vigilance that saved the defendant and others from a similar accident) nor the extraordinary vigilance and precaution of those who on former occasions had been present at its depot platform when its agents were discharging mail sacks from its rapidly moving cars, nor their skill as dodgers of flying mail sacks, nor that indefinable influence or agency that seems ever to attend the acts and doings of some parties and institutions (despite themselves) called good luck, had they all conspired and combined to save defendant from the natural consequences of its dangerous undertaking, and prevented an injury to any one up to the fatal nineteenth of December, could be called to the aid of defendant for its carelessness on that occasion.

The danger of the undertaking was a continuing demand upon defendant to the exercise of the extremest care and precaution to avoid an accident, and no aid can be invoked from any custom or usage, or former good behavior of others, or good luck of defendant, to shield it from the negligent act that resulted in plaintiff's injury. I say negligent act, because the jury who heard and determined the probative force of the testimony that was developed before them under proper instructions when the issue of care and caution was duly submitted so characterized the act by their verdict.

We think the trial court committed no error, and its judgment will be affirmed. All concur.