HENRY J. ALTHAGE, Administrator of Estate of ANNA M. WEIL, v. PEOPLE'S MOTORBUS COMPANY OF ST. LOUIS, Appellant.—8 S. W. (2d) 924.

Division One, July 3, 1928.

*Carter, Jones & Turney* for appellant.

*Hay & Flanagan* for respondent.

GANTT, J.—On November 26, 1923, about 9:45 P. M., Anna M. Weil, 85 years old and wearing a black dress and shawl, while on her way from a picture show, located on the east side of Grand Avenue and two blocks north of the intersection of Grand and Liermann avenues, in St. Louis, was struck and killed by defendant's motorbus at said intersection. Grand runs north and south, and Liermann runs west from Grand. As she walked south on the east side of Grand she was passed by Louis J. Risch, Jr., about two blocks north of the place of collision. No one else seems to have noticed her except Robert Bloodwater, the bus driver, who testified he first saw her about six feet away, walking rapidly toward the bus just before it struck her. It is presumed she crossed the intersection on the east side of Grand to the southeast corner of the intersection and turned west, crossing the street toward the west side of Grand on the way to the home of her daughter. By its answer defendant admits she walked west from the southeast corner of the intersection to the point of collision. The bus was moving south on the west side of Grand and crossed the intersection to the point of collision at the rate of eight miles per hour. The inside of the bus was well lighted, and the headlights, which could be seen fifty feet away, threw a light for thirty feet directly in front of the bus. The intersection was fairly well lighted, so that one could see across the street.

Bloodwater, the bus driver, testified as follows:

"I was driving south on South Grand and after I crossed Liermann—crossed over Liermann—I see a dark object in the street; at that moment I did not know whether it was an animal or a human being; that was about six feet away from my left fender, and just that moment I hollered and swung the bus to the right and I struck the lady or she struck me on the left fender, and I stopped the bus right there and jumped out of the cab, and it was so dark there on the ground I did not know whether she was in front of the wheel or in back of the wheel, and the conductor and myself picked her up and we took her into the drug store;" that immediately on seeing her he applied the brakes with his right hand, swung the car to the right with his left hand, hollered and stopped within about six feet; that he did not sound the horn at the time of the collision, but did so as he approached the street.

There was evidence, *pro* and *con,* with reference to sounding the horn as the bus approached Liermann Avenue. Other facts will be noted.

·At the close of all the evidence defendant offered. an instruction in the nature of. a demurrer, which was overruled.

The petition is for $10,000 damages, and contains eight assignments of negligence, six of which were withdrawn by instructions, and the cause was submitted on the following assignments:

"3. In negligently failing to exercise ordinary care when approaching the intersection aforesaid to sound a signal in such a way as to give warning to deceased of the approach of said motorbus, in violation of Section 1277 as aforesaid.

"8. That deceased, as said motorbus was approaching said ·Liermann Avenue, was in a position of imminent peril, to which peril deceased was oblivious and from which she was unable to extricate herself, and that the defendants, their agents and servants in charge of said motorbus, saw or by the exercise of ordinary care could have seen deceased in a position of peril and oblivious thereto, and unable to extricate herself therefrom, in time thereafter by the exercise of ordinary care and with the means and appliances at hand and with safety to said motorbus and persons riding thereon to have stopped said motorbus or to have reduced its speed, or to have changed· its course, or to have sounded a warning and thereby have avoided striking the deceased, but negligently failed so to do."

The answer was a general denial with a plea of contributory negligence. The reply was a general denial. Verdict was for defendant, and the court granted a new trial on the ground that· it erred in giving defendant's Instruction 13. Defendant appealed from the order granting a new trial.

I. Defendant contends the court should have given its instruction in the nature of a demurrer, for the reasons (a) that plaintiff was guilty of contributory negligence as a matter of law and was not entitled to recover under the ·assignment charging defendant with negligence in failing to sound the horn on approaching Liermann Avenue; (b) that plaintiff failed to make a case under the humanitarian doctrine, for the reason the bus driver could not see deceased in time. to have prevented the collision.

(a) There is no direct evidence as to the course and speed of .deceased as she walked from the point where she was passed by Risch until she was seen by the bus driver just before the collision. Under

the facts and circumstances it may be inferred that after he passed her she continued to walk on the south side of Grand and over the intersection to the southeast corner thereof; that she then turned west and proceeded to cross the intersection at or near the south line of Liermann Avenue. Considering her age, it may also be inferred that as she proceeded across the street she walked at the rate of one and one-half miles per hour, or about two feet per second. The street was fifty feet wide, and she walked about thirty-six feet before the collision. She was eighteen seconds in covering this distance. The bus was moving at eight miles per hour, or twelve feet per second, as it crossed the intersection. When the deceased started west across the street, the bus, if moving at a rate of eight miles per hour, must have been about 200 feet north of the point of collision. However, the driver testified that until he approached Liermann Avenue the bus was moving at a faster rate of speed. Therefore, it may be inferred that when the deceased started across the street the bus was several hundred feet north. In the absence of evidence on the question, it must be presumed that deceased, as she crossed the street, exercised ordinary care for her safety, and that as she started to cross she looked to the north and saw the bus several hundred feet away. She was not required to keep a constant watch to the north, for she must look to the south and also give attention to where she was stepping. The jury could well draw these inferences, notwithstanding the bus driver testified that at the time he saw her six feet from the bus she was walking rapidly. The question of contributory negligence was for the jury. But the ordinance requiring the driver to sound the horn on approaching Liermann Avenue is not in evidence, and this question should not have been submitted.

(b) It is not contended the deceased was not in imminent peril and oblivious thereto as she approached the path of the motorbus. The contention is, the driver did not and could not see her in time to give a warning, check the speed or stop. This contention is based on the facts that the deceased was dressed in black and the headlights on the bus threw a light directly in front of the bus and not to the sides. But the evidence tended to show the intersection was "fairly well lighted," and the driver testified he could have seen across the street had he "turned his eyes that way." This evidence made a submissible case, and the court ruled correctly in refusing the instruction.

II. Under the humanitarian doctrine it was the duty of the defendant to warn the plaintiff of the approach of the bus by sounding the horn. The court so instructed the jury in plaintiff's Instruction 2.

For the defendant the court gave Instruction 13, as follows:

"The court instructs the jury that plaintiff is not entitled to recover under and upon his assignment of negligence—'2. In negligently and carelessly failing to exercise ordinary care to sound a horn or give any warning signal of the approach of said automobile bus to said deceased when by doing so the defendant would, by the exercise of ordinary care, have avoided injuring said Anna M. Weil'— and said assignment of negligence is hereby withdrawn from your consideration."

This instruction withdrew from the consideration of the jury the duty of defendant to warn deceased of the approach of the bus and is in conflict with plaintiff's Instruction 2 on the humanitarian doctrine. The court ruled correctly in granting a new trial for this reason.

Plaintiff also contends that this instruction is in conflict with his Instruction 1 submitting the negligence of defendant in failing to comply with the ordinance requiring the horn to be sounded as the bus approached Liermann Avenue. As stated, the ordinance is not in evidence, and the question is not for review.

III. Plaintiff complains of defendant's Instruction 15, as follows:

"The court instructs the jury that even though you believe and find from all the evidence in the case that deceased was injured at the time and place mentioned in the evidence and that her injuries, if any, contributed to cause her death, you, nevertheless, cannot find for plaintiff and against defendant if you further find and believe from all of the evidence in the case that at the time and place mentioned in evidence. deceased failed to exercise ordinary care for her own safety, that is, such care as an ordinarily prudent and cautious person would exercise under like or similar circumstances, and at the time and place mentioned in the evidence, she, deceased, did walk, run or step immediately in front of the motorbus mentioned in the evidence while said bus was in motion, if it was, or walk, step or run in such close or dangerous proximity thereto as to be struck and injured by said motorbus without looking or listening for its approach, providing you further find and believe from the evidence that had she looked or listened she would have seen said motorbus approaching in time to refrain from walking, stepping or running immediately in front thereof or to have refrained from walking, stepping or running in such close or dangerous proximity thereto as to be struck thereby and injured, unless you find for the plaintiff under Instruction 2 herein."

604

. The instruction is erroneous for the following reasons: (1) It submits the question of the deceased having run in front of the bus. There is no evidence on which to base this submission; (2) It assumes the deceased did not look or listen and that if she had she would not have been injured; (3) After hypothesizing the facts from which the jury might find the deceased guilty of contributory negligence, it directed a verdict for the defendant without leaving to the jury the question as to whether such facts constituted contributory negligence.

IV. Plaintiff also complains of defendant's Instruction 5, as follows:

"The court instructs the jury that even though you believe and find from the evidence that deceased, Anna M. Weil, was, at the time and place mentioned in the evidence, in a position of peril and oblivious thereof, and was unable to extricate herself therefrom, if you further find and believe from all of the evidence in the case that defendant's agents and chauffeur in charge of or operating the motorbus mentioned in the evidence, if he was, did, immediately upon seeing said deceased, or when by the exercise of ordinary care he could have seen her in said position at the time and place mentioned in evidence, exercise ordinary care, that is, such care as an ordinarily prudent and cautious chauffeur or driver would exercise under like or similar circumstances, and gave a timely warning by hollering or shouting, and having due regard to the safety of all persons on board the motorbus mentioned in the evidence, did, with the means and appliances at hand endeavor to stop the motorbus in question, reduce its speed, or change or divert its course, but that having done so he nevertheless could not avoid striking or colliding with deceased, if you find that he did collide with deceased, then you cannot find for plaintiff and your verdict must be for defendant."

This instruction is erroneous for the following reasons: (1) It ignores the duty resting upon the defendant to keep a lookout for the deceased and to exercise ordinary care to discover her while approaching a position of peril, and is for that reason in conflict with plaintiff's Instruction 2 on the humanitarian doctrine; (2) It directs a verdict for defendant if the driver gave a "timely warning by hollering or shouting," thus limiting the duty of the driver to such warning; (3) It assumes the driver immediately upon seeing the deceased or when by the exercise of ordinary care he should have seen her, endeavored to stop or reduce the speed of the bus.

It follows the judgment should be affirmed and the cause remanded. All concur.