SARAH GALBER v. BARNEY GROSSBERG and JENNIE GROSSBERG, Appellants.—25 S. W. (2d) 96.

Division Two, February 19, 1930.

*Jones, Hocker, Sullivan & Angert* for appellant.

744

*Foristel, Mudd, Blair & Habenicht* for respondent.

HENWOOD, C.—The plaintiff filed this suit in the Circuit Court of the City of St. Louis, whereby she seeks to recover damages in the sum of $10,000, for personal injuries alleged to have been caused by the defendants' negligence. The jury found for the defendants and the case is here on their appeal from the action of the court in granting the plaintiff a new trial.

In her petition, the plaintiff alleges, in substance, that on August 28, 1925, she was living in a flat in the city of St. Louis as the tenant of the defendants; that, on the day mentioned, the defendants' agents and servants had been engaged in installing electric light wires in the flat, and, in so doing, had removed from the floor a

board or a piece of the flooring, about three inches wide and several feet long, and left it standing on its edge in the opening and unfastened, and had strung along and under the floor, at that point, a number of wires; that, in the evening, after the defendants' said agents and servants had quit working on that day, she was tripped, and caused to fall, and seriously and permanently injured, by said board and said wires, while walking across the floor of the flat; that the defendants' said agents and servants were negligent in leaving said board and said wires in said condition; and that said negligence was the direct and proximate cause of her said injuries.

In their answer, the defendants deny the allegations of the petition, plead contributory negligence, and further plead that the work of installing said electric light wires was done by an independent contractor and that they are not liable for his negligence, if he was negligent.

The plaintiff's reply is a general denial of the allegations of the answer.

The facts pertinent to the appellate issues are undisputed. On August 28, 1925, and for about two years prior thereto, the plaintiff, a widow about sixty years of age, lived in a second-story flat of three rooms, located at 4310 Page Boulevard in the city of St. Louis and owned by the defendants, as the tenant of the defendants. Two unmarried daughters lived with her. The defendants' rent collector notified the plaintiff that the defendants had arranged to install electric lights in the flat. The plaintiff objected to the installation of electric lights, because it would increase her rent, and she so advised the rent collector. The rent collector replied that she "had to let it go through," that "Mr. Grossberg wanted to put them in and raise the rent." Thereafter, on or about August 27, 1925, one Hazelwood and his helpers came to the flat and began the work of installing electric light fixtures and apparatus. During the progress of the work, on August 28, 1925, they removed a board or a piece of flooring, about three and a half or four inches wide, from the floor of the kitchen, near the entrance to the bath room. When they quit working on that day, they left this board resting "on a slant" over the opening, about five-eighths or seven-eighths of an inch above the level of the floor, and some wires strung along the opening in the floor. As they were leaving the flat on that day, one of them said to plaintiff: "Everything is all right." Later that day, about six o'clock in the evening, the plaintiff, while walking across the kitchen floor, near the entrance to the bath room, was tripped by one of said wires, and fell to the floor, and, as the result of her fall, suffered the injuries complained of. After the installation of the electric light fixtures and apparatus, the defendants increased the monthly rent charge for the flat from $25 to $30.

I. The defendants contend that their demurrer to the evidence should have been sustained, and that, therefore, the verdict and judgment in their favor should be reinstated, regardless of the errors assigned by the plaintiff as grounds for a new trial. The basis of this contention is that Hazelwood was an independent contractor, and, for that reason, the defendants are not liable for his negligence, nor the negligence of his helpers, if any, while engaged in doing the work in question.

Such is not the law. The plaintiff was entitled to the quiet, peaceable and undisturbed possession, use and enjoyment of the flat, which she occupied as the tenant of the defendants. The work of installing electric light fixtures and apparatus in the flat was done at the instance of the defendants and for their benefit. It was done not only without the plaintiff's consent but over her objection. Under these circumstances, Hazelwood and his helpers were the agents and servants of the defendants, so far as the rights of the plaintiff are concerned, and the defendants are liable for injuries to the plaintiff caused by the negligence of their said agents and servants in doing the work, whether Hazelwood was an independent contractor or not. [36 C. J. 65, sec. 687 et seq.; 16 Amer. & Eng. Ency. 200 (h); 1 Tiffany on Landlord and Tenant, 610, 611 (4); Wharton on Agency, sec. 485.] "One absolute prerequisite to the immunity of the landlord from liability to the tenant for the acts of his contractor in the course of the making of repairs or improvements is that the entry on the premises by the contractor was authorized, either by statute or by license from the tenant, expressed or inferred from his acts. If the entry by the contractor was not thus authorized, the landlord, as having procured the commission of a trespass, is liable as a joint wrongdoer, for all the consequences thereof." [Tiffany on Landlord and Tenants, supra.] In this connection, see also Eberson v. Investment Co., 118 Mo. App. 67, 93 S. W. 297; Vollrath v. Stevens, 199 Mo. App. 5, 202 S. W. 283. It follows that the defendants were not entitled to a directed verdict on the ground that Hazelwood was an independent contractor; and that the general rule as to the acts of an independent contractor is not applicable as a defense under the evidence in this case, although it is recognized as such by the parties in their pleadings and in the instructions which they offered and the trial court gave to the jury.

II. Nor do we agree with the defendants in the further contention that the plaintiff's motion for a new trial should have been overruled.

The motion was sustained on several grounds, one being that the court erred in denying plaintiff's counsel the right to examine the jury on *voir dire* as to their relations or connections with the Globe Indemnity Company and its claim agents and attorneys.

The record shows that, before the members of the jury panel were examined as to their qualifications and out of their hearing, plaintiff's counsel stated, and offered to prove, that the Globe Indemnity Company is interested in the defense of this case; that its claim agents and lawyers had prepared the case for trial; that defendants' trial counsel was associated with the law firm employed by said company to defend the case; and that its physician had examined the plaintiff and would testify during the trial. And the record further shows that defendants' trial counsel did not deny, but merely disclaimed any knowledge of, the facts mentioned; that proof of these facts was offered for the purpose of establishing the plaintiff's right to interrogate prospective jurors as to their relations or connections with the Globe Indemnity Company; and that the court refused to hear any proof of this character and advised counsel that it would sustain an objection to such interrogation of the jurors.

The offer of proof made by plaintiff's counsel was sufficient evidence of his good faith, and it was not necessary for the court to hear such proof. In view of his statement in good faith as to the interest of the Globe Indemnity Company in the result of the trial and the attitude of defendants' trial counsel with respect thereto, the plaintiff was clearly entitled to have the jurors examined as to their relations or connections with said company and its attorneys, claim agents and physician, in order that she might act advisedly in making her challenges. [Maurizi v. Western Coal & Mining Co. (Mo. Sup. en banc), 11 S. W. (2d) 268; Schuler v. St. Louis Can Co. (Mo. Sup.), 18 S. W. (2d) 42; Smith v. Star Cab Co. (Mo. Sup.), 19 S. W. (2d) 467.] Confronted with a similar situation in the last case cited, the court said:

"Counsel for plaintiff, before proceeding with the examination of the members of the panel, showed good faith by inquiring if Terry carried liability insurance. Counsel for Terry declining to answer, plaintiff should have been permitted to examine the members of the panel as to their interest or connection with indemnity insurance companies. Absent such an examination, some member or members of the panel who were interested or connected with a company insuring Terry against liability may have been selected on the jury; if so, the plaintiff did not have a fair trial. The refusal to permit the inquiry was error, and there is nothing in the record to indicate it was not prejudicial."

The error committed by the trial court in this particular alone would have justified its action in sustaining the plaintiff's motion for a new trial. The other grounds upon which the motion was sustained relate to matters not likely to occur in another trial, and, therefore, need not be considered. But, it may be well enough to notice another serious error, not specified by the court below. We refer to an instruction given at the request of the defendants, which reads as follows:

"The court instructs you that should you find the issues in favor of defendant Grossberg, plaintiff would not be barred from proceeding against *contractor Hazelwood*." (Our italics.)

The question of Hazelwood's liability for the plaintiff's injuries was entirely outside of the issues of this case and should not have been called to the attention of the jury. Doubtless the suggestion of a suit by the plaintiff against Hazelwood influenced the jury in finding against the plaintiff in this suit. Moreover, Hazelwood was designated in this instruction as "contractor Hazelwood," although the real issue in the case, as pleaded, tried and submitted, was whether or not Hazelwood was a contractor. This instruction was wholly improper and highly prejudicial. [Krodinger v. Citizens' Bank of Maplewood (Mo. App.), 300 S. W. 311.]

The order of the trial court granting the plaintiff a new trial is affirmed and the cause remanded. *Davis* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur, except *Walker, J.,* absent.