ROLLIN PIEHLER, a minor, by his next friend, BERTHA SCHULTZ, Respondent, v. KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Appellant, No. 41356—226 S. W. (2d) 681.

Division Two, February 13, 1950.

*Charles L. Carr, Frank J. Rogers* and *Cooper, Neel, Sutherland & Rogers* for appellant.

14

*Paul C. Sprinkle, F. M. Kennard, Wm. F. Knowles* and *Sprinkle & Knowles* for respondent.

BOHLING, C.—The Kansas City Public Service Company appeals from a judgment in favor of Rollin ▌ Piehler for $25,000. Defendant contends plaintiff failed to make a submissible

case; that named jurors failed to answer inquiries on the voir dire examination to defendant's prejudice; and that error was committed in the admission of evidence and in the giving of instructions. The case was remanded for new trial on a prior appeal from a judgment awarding $12,000 damages; see 357 Mo. 866, 211 S. W. 2d 459.

Plaintiff was injured November 6, 1944, at the terminus of defendant's Swope Park carline. He was eleven years old and weighed eighty-eight pounds. His brother Louis and Ray Starks, who were twelve, and he were going horseback riding and had telephoned the Park Valley Stables to have its station wagon meet them at the end of the carline. The carline, running eastwardly and veering to the south and curving to the left, enters a loop forming a perfect semi-circle with a radius of seventy-five feet at its terminus. This loop is crossed by the "old road"; and a gravel unloading platform is on the approach side of the "old road." The boys were the only passengers as the streetcar neared the loop. They told the operator they were meeting the automobile from the stables. The day was warm and fair, and the streetcar windows were open.

As the streetcar approached or just when it entered the loop, the boys saw the station wagon going towards the "zoo." The streetcar was traveling slowly, about as fast as the boys would walk, about two miles an hour. The boys were about the middle of the streetcar and decided to jump out. Ray and Louis jumped out of an open window on the left-hand side of the streetcar just after it entered the loop, and started running across the loop towards the station wagon. Thereupon plaintiff went to the long seat along the right-hand side of the rear of the car and, with his left foot on the floor and his right knee on the seat and right hand on the window sill, started pressing the buzzer with his left hand. The streetcar picked up speed, according to Louis, to about as fast as he could run, increasing its speed three or more times. Plaintiff testified that after he pushed the buzzer several times, the streetcar gave a very extraordinary jerk, just right fast, a big jerk, the like of which he had never experienced, and he went out the window. He managed to grab and hang on to the side of the car at the last window, hollering and screaming. The streetcar did not stop but passed the old road. Plaintiff thereafter got his foot "tangled in the wheel," could hold on no longer, fell on his buttocks about one-hundred feet from where the other boys jumped, and the wheels ran over his left foot.

[1] Defendant says a submissible case was not made because there was no substantial evidence to support plaintiff's theory of the accident and plaintiff's theory is contrary to natural law and physical facts. Like issues were ruled against defendant in 211 S. W. 2d 459, 460 et seq., as well as the issue of submissible actionable negligence. Defendant claims the instant record and the former record differ on the facts involved.

16

Plaintiff submitted his case on the theory "the operator increased the speed of said streetcar with an abrupt, extraordinary and unusual jerk, * * * and * * * that while the plaintiff was in the position above described that he was thrown through the window as a direct result of the manner in which the streetcar was operated * * *."

Defendant contends there is no substantial evidence that its motorman "caused plaintiff to be thrown through the window," stressing the word "thrown." Defendant argues, in substance, that plaintiff was in a fairly stable position; that plaintiff testified the streetcar picked up speed and gave a fast, extraordinary jerk, a very extraordinary jerk, just right fast, and "I went out with it," not that he was thrown out of the window; that plaintiff's witness James B. Reed, a structural research engineer, testified that the centrifugal force exerted on plaintiff with the streetcar traveling six to eight miles an hour would be four to five pounds; that this would not "pick him [plaintiff] up and throw him through the window"; that accelerating speed tends to throw the body back, in the opposite direction to the movement; that there was no testimony to the contrary, and ▆▆▆ that plaintiff is bound by his witness' testimony. Rowe v. Henwood (Mo. App.), 207 S. W. 2d 829, 834; Draper v. Louisville & N. R. Co., 348 Mo. 886, 156 S. W. 2d 626, 634.

There was additional evidence, viz.: The streetcar was not being operated by a regular operator, but by one on the extra board. The streetcar was equipped with four motors developing four-hundred-and-forty horsepower. It was without passengers at the time. One of defendant's engineers testified that the motors were protected from overloading, and that accelerating the speed of the streetcar too quickly would set the brakes.

The inference from plaintiff's personal testimony is that the jerk of the streetcar and the accompanying factors caused him to go through the window. His witness Reed, while of opinion the centrifugal force would not "pick him [plaintiff] up and throw him through the window," also gave testimony warranting a finding that the described operation of the streetcar could cause plaintiff to go through the window, depending on plaintiff's position at the time, his balance, his surprise, his grip, and other factors.

Plaintiff's case, considering the centrifugal force, the speed, and the jerk or lurch of the streetcar is as strong with respect to the natural laws and physical facts involved as on the former appeal, and we adhere to the ruling there made on the issue. See 357 Mo. 866, 211 S. W. 2d 459, 461.

▆▆▆ We understand plaintiff does not contend he was picked up bodily and thrown through the window. The word "thrown" may be somewhat inappropriate. Its use in the instruction is not reversible error in the circumstances. Morton v. St. Louis-S. F. Ry. Co., 323 Mo.

929, 20 S. W. 2d 34, 44. Plaintiff did not have to be thrown through the window to make a case. If defendant's negligence in the jerk or lurch of the car, coupled with its speed and the resulting force exerted on plaintiff, caused plaintiff to go through the window, the case was submissible. A finding that he was thrown through the window would include such lesser force. Plaintiff's assumption of this additional burden did not prejudice defendant. Moore v. McHaney, 191 Mo. App. 686, 178 S. W. 258, 262[8]; Wilday v. Missouri-K.-T. Rd. Co., 347 Mo. 275, 147 S. W. 2d 431, 434[3, 5]; Burneson v. Zumwalt Co., 349 Mo. 94, 159 S. W. 2d 605, 609[5].

What we have said disposes of defendant's argument respecting proximate cause and the verdict resting on speculation and conjecture. The case is distinguishable from Carle v. Akin (Mo.), 87 S. W. 2d 406, 410[4]; Markley v. Kansas City So. Ry. Co., 338 Mo. 436, 90 S. W. 2d 409, 413[6]; Davidson v. Missouri Orpheum Corp., 236 Mo. App. 1025, 161 S. W. 2d 707, 709[6].

Samuel P. Perkins was the driver of the station wagon meeting the streetcar. He was an eye witness to the accident, and testified for defendant, in chief, that he stopped the station wagon on the final curve of the loop; that he saw two of the boys put their feet over the window sill, come to a sitting position, jump off the streetcar, and commence to run around the side; that the third boy hung with his hands, dropped, fell backwards and his foot went under the car; that at the time the boys were behind the center, on the right-hand side, in front of the rear truck of the streetcar. On cross-examination a number of questions were read to the witness from a deposition, which were to the effect that witness saw the boys in the streetcar; that the boys were on the left-hand side of the streetcar; that they remained on that side and jumped out on that side; which answers the witness admitted he gave in his deposition. Defendant offered a statement personally prepared by the witness on the day following plaintiff's injury and mailed to defendant for the purpose of rehabilitating the witness. This was excluded on plaintiff's objection that it was an unsworn statement outside the presence of plaintiff.

Plaintiff says the statement was inadmissible under State v. Fleming, 354 Mo. 31, 188 S. W. 2d 12, 16; but in that case the witness had not been impeached by the showing on cross-examination of statements contradictory to the testimony given on direct examination. Such is not the instant situation. Part of plaintiff's argument was devoted to the fact that this witness stated one thing on one occasion and another thing on another occasion and, consequently, the witness stood impeached. In these circumstances, with the witness impeached, prior statements consistent with his testimony at the trial were admissible for the purpose of rehabilitation. This is recognized as proper in State v. Fleming, supra. State v. Emma, 324 Mo. 1216, 26 S. W.

2d 781, 784; Jones v. St. Louis-S. F. Ry. Co. (Mo.), 253 S. W. 737, 741; Lach v. Buckner, 229 Mo. App. 1066, 86 S. W. 2d 954, 960; Hammond v. Schuermann Bldg. & R. Co., 352 Mo. 418, 177 S. W. 2d 618, 622.

■ Defendant says a portion of plaintiff's sole verdict directing instruction, quoted infra and submitting primary negligence, assumes that plaintiff was in the exercise of ordinary care; to wit: "and if you further find and believe from the evidence that at said time and place plaintiff in the exercise of ordinary care for his own safety had his knee up in the seat on the right-hand side of said streetcar near the rear with one hand on the window sill of an open window and the other hand upon the signal buzzer sounding the same, if you so find, and if you further find * * *," et cetera, the verdict should be for plaintiff.

Plaintiff was not entitled to recover if he did not exercise due care for his own safety. Plaintiff's instruction did not require a finding that plaintiff was in the exercise of ordinary care for his own safety other than as attempted in the quoted clause. We have said: "The language of an instruction should be so plain that no doubt can arise as to its meaning." Schipper v. Brashear Truck Co. (Mo.), 132 S. W. 2d 993, 996[9], 125 A. L. R. 674. This has special application to cases wherein, as here, the issue of a submissible case is close. The only physical facts submitted by the questioned clause for findings by the jury were the position of plaintiff's knee and hands. And, the instruction characterized said submitted position of plaintiff's knee and hands as constituting as a matter of law the ultimate factual conclusion of plaintiff's exercise of ordinary care without requiring the jury to find said decisive conclusion. The phrase "in the exercise of ordinary care for his own safety" is incomplete to require an independent finding of the ultimate fact of "ordinary care," lacking a verb; and, standing merely as a modifying phrase, characterizes the submitted physical facts as constituting "ordinary care" without requiring the jury to so find. Compare a required finding "that * * * plaintiff was in the exercise of ordinary care for his own safety and" et cetera. The instruction, subject to the interpretation aforesaid, tended to give plaintiff an advantage to which he was not entitled as jurors are authorized to consider all facts bearing on their ultimate conclusion of ordinary care on the part of plaintiff and we may not say said submitted facts constituted as a matter of law ordinary care on his part. Plaintiff's witness Reed testified the centrifugal force exerted upon plaintiff would not pick him up and throw him through the window; although he was of the further opinion the force and a jerk of the streetcar, depending on plaintiff's position, balance et cetera, could cause him to go through the window. Taylor v. Kansas City, 342 Mo. 109, 112 S. W. 2d 562, 567[8, 9]; Galber v. Grossberg,

324 Mo. 742, 25 S. W. 2d 96, 98[4]; McCombs v. Ellsberry, 337 Mo. 491, 85 S. W. 2d 135, 139[9, 10]; Mahaney v. Kansas City, Clay County & St. J. A. T. Co., 329 Mo. 793, 46 S. W. 2d 817, 821[7]; Barr v. Nafziger Bkg. Co., 328 Mo. 423, 41 S. W. 2d 559, 563[7]; Clark v. Atchison & E. Br. Co., 324 Mo. 544, 24 S. W. 2d 143, 153 [18]; Althage v. People's Motorbus Co., 320 Mo. 598, 8 S. W. 2d 924, 926 [7]; Miller v. Busey (Mo.), 186 S. W. 983, 986; Boyer v. General Oil Products, Inc. (Mo. App.), 78 S. W. 2d 450, 452.

Instructions are to be read as a whole and in some instances an indefinite or ambiguous requirement to find some affirmative fact or some negative defensive element essential to a plaintiff's verdict may be cured by a definite requirement with respect thereto in other instructions. Such are plaintiff's cases: Hughes v. Chicago & A. Rd. Co., 127 Mo. 447, 451, 452, 30 S. W. 127, 128; McDonald v. Kansas City Gas Co., 332 Mo. 356, 59 S. W. 2d 37, 40 [6-9]; Larey v. Missouri-K.-T. Rd. Co., 333 Mo. 949, 64 S. W. 2d 681, 684[3, 4]. Cf. State ex rel. v. Trimble, 298 Mo. 418, 423-425, 250 S. W. 393, 395; Connole v. East St. Louis & S. Ry. Co., 340 Mo. 690, 102 S. W. 2d ·581, 589[18, 19]. They are not determinative of the instant issue. Ordinarily, when a controverted factual issue is first assumed it is not cured by subsequent requirements that it be found. McCombs v. Ellsberry, supra; Boyer v. General Oil Products, Inc., supra.

The other issues need not be developed as they should not recur upon a retrial.

The judgment is reversed and the cause is remanded. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.