Genevieve **BACCALO**, Appellant,

v.

Virginia **NICOLOSI**, Respondent.

No. 47427.

Supreme Court of Missouri,
Division No. 2.

March 14, 1960.

Joseph B. Bott, Roger J. Barbieri, Kansas City, for appellant.

Roy F. Carter, Kansas City (Sprinkle, Carter, Sprinkle & Larson, Kansas City, of counsel), for respondent.

EAGER, Judge.

This is a suit by a passenger for personal injuries resulting from an automobile collision. The prayer was for $50,000. The jury found for defendant and plaintiff has appealed. The only questions raised here involve two instructions given for defendant. It will be necessary to state some parts of the evidence.

The collision occurred around 7:30 a.m. on February 10, 1955, at 13th and Walnut Streets in Kansas City, Missouri, when defendant struck the rear end of a standing truck. Plaintiff had been riding to work with the defendant, who lived next door to her, for a year or two. This was strictly gratuitous. On the morning in question defendant, her mother and one Joe Nita Nigro, another neighbor, were in the front seat of defendant's car and plaintiff was alone in the back. It was cold and there had been some snow; the streets generally were icy and slick; although plaintiff declined to so state (saying she paid no attention and did not recall) other witnesses, including at least one of her own, established that fact. Defendant traveled south on Walnut, a one-way street, and let her mother out two or three car lengths south of 12th; plaintiff says this was on the west

side, the others say on the east, but this divergence makes no material difference. Defendant had had no difficulty in driving up to the time of the collision and had made the required traffic stops. From defendant's deposition plaintiff showed: that there was a slight downgrade from 12th Street to 13th; that after defendant let her mother out she cut over to the right lane, and as she pulled from the curb she saw a truck which appeared to be stopped at 13th Street for a red light; and that her maximum speed after leaving the stop was 10–12 miles per hour. Without objection, defendant read by way of explanation her own statement in the deposition that she applied her brakes three or four car lengths from the truck. Plaintiff denied seeing any such attempt to stop, but later said that she did not know whether defendant did so, because she "wasn't paying any attention"; she heard defendant call out, one-fourth to one-half block before the collision, that she hoped the light would change; she probably saw the red light and the truck about the time defendant called out, but she was very hazy about most of the details. She insisted that the car did not slide; she did not know how fast defendant was traveling, but admitted that it could not have been very fast. All agreed that the defendant did not swerve. Plaintiff's witness Nigro said that "The street was icy, and she just couldn't stop. She wasn't going fast." Miss Nigro "went forward a little," but was not injured. This witness also stated that defendant started to slide about half a block from the truck and that she was trying to stop but "just couldn't." Plaintiff claimed a serious back injury with a resulting operation and permanent impairment, but that phase of the case is in no way involved here.

Defendant testified: that she had no previous difficulty in driving on that morning; she saw the truck from a considerable distance, applied her brakes when three or four car lengths from it and at a speed of not more than 10–12 miles an hour, but that the brakes slowed the car very little and she simply slid into the truck; that she

did not swerve because she was afraid of hitting the truck "sideways," store windows were on her right, and she was inclined to think that a car was stopped at the left of the truck.

■ The complaint of plaintiff here is of two instructions given on behalf of defendant. Plaintiff's main instruction submitted, in part, that: "and at said time and place the defendant negligently and carelessly operated said automobile at an excessive rate of speed under the circumstances then and there existing, and you further find that defendant negligently and carelessly failed to have said automobile under control under the circumstances then and there existing and negligently and carelessly caused, allowed and permitted said automobile, if you so find, to run into, strike and collide with the rear end of said truck, if you so find from the evidence that it did so, and that in so doing defendant was thereby negligent, * * *." She thus waived the specific allegations of negligence regarding a vigilant lookout and failure to turn.

■ Plaintiff makes numerous complaints of defendant's Instruction 4, so we will repeat it verbatim. It reads: "The Court instructs the jury that the plaintiff charges that the accident mentioned in evidence was caused by the negligence of the defendant and *that in* connection you are instructed that negligence is not in law presumed but must be established by proof as explained in other instructions, and the mere fact standing alone that defendant's automobile skidded and slid into collision with the motor truck mentioned in evidence does not necessarily establish negligence on the part of the defendant so, therefore, you are instructed that if you find and believe from all the evidence that on the day mentioned in evidence Walnut Street was snowy and slick, and if you find that defendant was driving in a southerly direction on said street and as she was driving down grade approaching 13th street in the exercise of the highest degree of care in the operation of her automobile at a rate of

speed that was not negligent under all the facts and circumstances in evidence she saw the motor truck, and if you find that defendant applied her brakes, and her automobile, without negligence on defendant's part, began to slide, and slid out of control down the grade and into collision with said motor truck, and if you find that defendant, in the exercise of the highest degree of care, was unable to avoid the collision after defendant's car began to slide, then you are instructed that your verdict shall be in favor of the defendant." Plaintiff first says that the instruction assumed a skidding and sliding. We must rule that this was a controverted fact, since plaintiff insisted, contrary to all the other evidence, that the car did not slide. Although the phrase "mere fact * * * that defendant's automobile skidded * * *" was not put in the form of a finding, it was contained in a cautionary portion of the instruction, and the subsequent part of the instruction did require a definite finding that the car slid out of control when defendant applied her brakes; thus, the jury could not well have been misled. Defendant was entitled to an instruction on its theory of the case, and there was almost overwhelming evidence of a sliding or skidding. In the cited case of Trump v. Ballinger, Mo., 317 S.W.2d 355, the court interpreted the controverted instruction as requiring no finding whatever of a skidding; it was also erroneous in ignoring a basic part of defendant's own theory of the case, and it did not negative plaintiff's submitted theories of negligence.

Plaintiff next complains that the "mere fact" clause here misstates the law because, she says, the rule that "mere skidding" does not establish negligence is only applicable in cases where skidding is the sole factual cause. She cites: Rodefeld v. St. Louis Public Service Co., Mo., 275 S.W.2d 256; Evans v. Colombo, Mo., Banc, 319 S.W.2d 549; Triplett v. Beeler, Mo., 268 S.W.2d 814. The essence of these cases is that "mere skidding" does not make a submissible case of negligence where the skidding, without more, is shown to have been the sole factual cause, but that where there is a fair inference of negligence from all the facts and circumstances, a submission of "mere skidding" may not be used as a complete defense. As said in Evans, supra, 319 S.W.2d, loc. cit. 551: "And, although negligence may not be inferred from skidding alone, it may be found or inferred from evidence and circumstances of which skidding is a part." Thus in Rodefeld, supra, an incidental "skidding" was held not to destroy a res ipsa case where all the circumstances indicated affirmative negligence. In Triplett v. Beeler, Mo., 268 S.W.2d 814, 817, the court said: "Cases cited by the defendants hold that negligence cannot be inferred solely from the fact that a motor car skidded. * * * That rule is supported by good authority and we have no fault to find therewith. See Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59, loc. cit. 63(2). However, as demonstrated in the case of Lindsey v. Williams, Mo., 260 S.W.2d 472, where there is evidence from which an inference may be drawn that the skidding was due to some negligent operation of the car, the question of negligence must be submitted to a jury." In other words, whether it be done on a directed verdict or on a verdict-directing instruction, a plaintiff's case may not be destroyed by the submitted occurrence of a skidding, even though a collision is directly caused by skidding, if an inference of negligence may be drawn from all the circumstances. In the present case the skidding was not submitted as a total defense, but the instruction merely stated that the skidding *standing alone* did not "necessarily *establish* negligence." This part of the instruction did not purport to state that there could be no recovery if the car skidded and it was in the nature of a cautionary instruction. The propriety of such instructions generally rests largely in the discretion of the trial court. The remainder of the instruction did require the jury to find that the loss of control from sliding was the cause of the collision, without negligence. In fact, a very

similar "mere fact" phrase was approved in Trump v. Ballinger, supra, cited by plaintiff; there the instruction was held bad because it submitted an erroneous degree of care. The fact that plaintiff here did not choose to submit a theory of skidding is immaterial in our consideration of this instruction. The defendant had a right to submit her own theory and evidence. The skidding was advanced as a defense or converse to plaintiff's submission of the failure to control the car. Fairly considered, the instruction did not misstate the law or mislead the jury, nor did it prevent the jury from considering all the evidence on plaintiff's submitted assignments of excessive speed and failure to control. And it did not, as now asserted, tell the jury that skidding was the sole factual cause.

■ Plaintiff next says that the "mere fact" reference to skidding gave that part of the evidence undue prominence and withdrew from the jury the collision itself as "some evidence of negligence." What we have already said largely states our view on this point. This instruction did not, as in Citizens Bank of Festus v. Missouri Natural Gas Co., Mo., 314 S.W.2d 709, 714, cited by plaintiff, tell the jury that the collision (fire, in that case) was "no evidence whatever" of negligence; in fact, the instruction here was more like the cautionary form there suggested as satisfactory. And the instruction in Dill v. Dallas County Farmers Exchange, Mo., 267 S.W.2d 677, is likewise distinguishable. The present instruction did not remove from the jury's consideration any of the elements of negligence submitted by plaintiff, nor did it prevent a consideration of the collision, along with other evidence, as constituting negligence. Whatever may be said generally of "mere fact" instructions they are not all held erroneous. Citizens Bank of Festus v. Missouri Natural Gas Co., supra; Paige v. Missouri Pacific R. Co., Mo., 323 S.W.2d 753, and the various cases cited and discussed; LeGrand v. U-Drive-It Co., Mo., 247 S.W.2d 706. They certainly must be used with caution. Rittershouse v. City of Springfield, Mo., 319 S.W.2d 518, 521.

■ It is also insisted that the instruction improperly omitted a required finding as to when defendant saw or could have seen the truck, with reference to the time when she applied her brakes, and that the jury was told, in effect, that there was no duty to apply the brakes sooner. She cites Piehler v. Kansas City Public Service Co., 360 Mo. 12, 226 S.W.2d 681, as condemning an instruction submitting only a partial hypothesis of the facts. We note that plaintiff did not submit any failure to maintain a vigilant lookout, although such was pleaded, and that the issue of failure to have the car under control was submitted in a most general manner; Instruction 4 sought to submit a converse on the failure to control. The instruction requires a finding that defendant was driving "in the exercise of the highest degree of care" and that the sliding was "without negligence on defendant's part." The generality of the instruction is not to be commended, but we hold that it was not prejudicially erroneous, particularly in view of the complete lack of particularity in plaintiff's submission. The issues here were not complicated. We think the jury fairly understood that defendant was liable if, by reason of negligence, she failed to control her car. If plaintiff wished greater particularity she should have submitted more specific assignments of negligence.

■ In large part the same reasoning applies to plaintiff's last objection to Instruction 4, namely, that the phrase that defendant "was unable to avoid" the collision after her car began to slide improperly gave the jury a roving commission to find that defendant was not negligent, without requiring a finding that she could not have stopped or swerved. It seems obvious that stopping or swerving would have been the only means of avoidance. If plaintiff had chosen to adopt and submit a forthright theory of skidding and of negligence in causing or in failing to correct the skidding, there might be more force in this argument. But she ignored this, both in evidence and instructions, and submitted the highly generalized lack of "control." She also failed

to submit a pleaded specific assignment of failure to turn. Instruction 4 is more specific in this respect than was plaintiff's No. 1. We decline to hold it erroneous for lack of further specification. And see, generally, Williams v. Miller, Mo., 321 S.W.2d 452.

■ Finally, plaintiff asserts error in the giving of defendant's Instruction No. 7. It was as follows: "The Court instructs the jury that the mere fact standing alone that there was an accident at the place mentioned in evidence does not in and of itself entitle plaintiff to a verdict, but the plaintiff must prove by a preponderance of the evidence that defendant was negligent in the respects set out in other instructions. Negligence is not in law presumed, but must be established by proof as explained in other instructions. Neither are you permitted to base a verdict entirely and exclusively on mere surmise, guesswork and speculation; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant was negligent without resorting to surmise, guesswork and speculation outside of and beyond the scope of the evidence, and the reasonable inferences deductible therefrom, then it is your duty to, and you must return a verdict for the defendant." Plaintiff complains that this was abstract, that it directed a verdict without hypothesizing the necessary facts, and that the word "accident" was confusing. We think that plaintiff confuses mere cautionary instructions with true verdict-directing instructions. In the quoted remarks from Dill v. Dallas County Farmers' Exchange, Mo., 267 S.W.2d 677 (stating generally that instructions authorizing a verdict must require the finding of essential facts), the court was referring to three different instructions, two of which were held to be affirmatively erroneous. The one most nearly like the present No. 7 instructed that the mere fact of slipping was "no evidence whatever" of negligence, a phrase which has also since been condemned. Citizens Bank of Festus v. Missouri Natural Gas Co., Mo., 314 S.W.

2d 709. Cautionary instructions substantially similar in whole or in part to No. 7 have been held not erroneous in the following cases: LeGrand v. U-Drive-It Co., Mo., 247 S.W.2d 706; Paige v. Missouri Pacific R. Co., Mo., 323 S.W.2d 753, 759–761; Gladden v. Missouri Public Service Co., Mo., 277 S.W.2d 510; West v. St. Louis Public Service Co., Mo., 236 S.W.2d 308; Gardner v. Turk, 343 Mo. 899, 123 S.W.2d 158; and compare Citizens Bank of Festus, supra. Generally, the giving of such instructions rests largely in the discretion of the trial court. LeGrand, Gladden, supra; Boedeker v. Wright, Mo., 312 S.W.2d 829, 834; Biscoe v. Kowalski, Mo., 290 S.W.2d 133. We find no abuse of that discretion here. So far as the use of the word "accident" is concerned, we need only refer to the cases of Creech v. Blackwell, Mo., 318 S.W.2d 342, and Williams v. Miller, Mo., 321 S.W.2d 452. Here the term had been used through the trial more or less interchangeably with and as a substitute for "collision." The jury could not have been misled. We find that neither of the instructions complained of was prejudicially erroneous.

■ It has so often been said that an instruction "is not to be considered a model" that the expression has been worn rather threadbare. Nevertheless, we are often confronted with instructions which, after consideration by counsel (and the courts), could obviously be improved. We recognize the difficulty of preparing entirely proper instructions, and we cannot reverse every case where it appears that one or more instructions might have been drawn more artfully. It should be our endeavor to determine whether there has been such a misstatement, omission, conflict or other defect as to misdirect, confuse or mislead the jury on the material issues. We find no such error here.

The judgment is affirmed.

LEEDY, P. J., STORCKMAN, J., and HUNTER, Special Judge, concur.