Darlene Mae **KIRBY**, Plaintiff-Appellant,

v.

Saundra Kay **SEYMOUR**, Defendant-Respondent.

No. 24267.

Kansas City Court of Appeals.

Missouri.

Feb. 7, 1966.

Newhart & Zahnd, Savannah, for appellant.

Strop, Watkins, Roberts & Hale, St. Joseph, for respondent.

DOUGLAS W. GREENE, Special Judge.

This suit for personal injuries arose out of a collision between automobiles driven by appellant and respondent, which occurred on January 11, 1963, in St. Joseph, Missouri, at about 8:30 A.M. The trial resulted in a verdict and judgment for defendant, and the plaintiff appeals. Appellant was driving north on St. Joseph Avenue at a rate

of speed of five to ten miles per hour. The street was covered with ice and snow, and was slick. A bus, which was proceeding north in front of appellant, stopped for a passenger. Appellant either slowed or stopped. Respondent was also driving north on St. Joseph Avenue, and was behind appellant at least one, but not more than two car lengths. She was driving at a speed of between ten to fifteen miles per hour. When she saw appellant slowing or stopping respondent applied her brakes. Her car slid forward and the front end of her automobile struck the rear end of appellant's automobile.

■ Appellant submitted her case to the jury on the "rear end collision" doctrine, which was justifiable under the facts above. Glowczwski v. Foster, Mo.App., 359 S.W.2d 406. Respondent offered Instruction No. 2, which alleged contributory negligence on the part of appellant for failure to give a timely warning of her intention to stop and Instruction No. 3. After describing the legal effect of mere skidding in a manner not criticized by either party, Instruction No. 3 then says: "You may consider the skidding, if any, of the defendant's automobile along with other circumstances and conditions shown in evidence in determining the negligence, if any, of the defendant, Saundra Seymour, as submitted in other instructions. If you find and believe from the evidence that the skidding, if any, of the defendant's automobile, as mentioned in evidence was occasioned solely by the icy and slippery condition of St. Joseph Avenue, if so, and that the defendant, Saundra Seymour, exercised the highest degree of care at all times mentioned in evidence, and was not negligent, if so, as defined in other instructions, then, even though you find that the skidding of the defendant's automobile was the direct and proximate cause of the collision mentioned in evidence, and of the plaintiff's damages, if any, nevertheless your finding and verdict must be for the defendant, Saundra Seymour".

Appellant assigns only one error, namely the giving of Instruction No. 3 by the trial court. Appellant agrees that the law, as stated in Instruction No. 3 is correct. However, she labels this instruction as the affirmative converse type; and states that such an instruction needs evidence to support it, as the facts in said instruction, namely a skid occasioned solely by the icy and slippery condition of St. Joseph Avenue were submitted to disprove, or controvert one or more of the essential elements of appellant's case, citing Rose v. St. Louis Public Service Company, Mo.Sup., 205 S.W. 2d 559, and Dill v. Dallas County Farmers Exchange No. 177, Mo.Sup., 267 S.W.2d 677. Appellant further contends that there was no factual support in the evidence for such submission, as respondent's own testimony indicates that her applying of the brakes precipitated the skid, and that therefore, the icy slippery condition of the street could not have been the sole cause of the collision, which made the instruction misleading and prejudicially erroneous.

■ We agree that where a defendant submits facts in an instruction, the existence of which would disprove, or controvert one or more of the essential factual elements of plaintiff's case, such factual submission must be supported by evidence, and is sometimes called an "affirmative converse" instruction. Liebow v. Jones, Mo. Sup., 303 S.W.2d 660.

However, that situation does not exist in this case. Here, respondent was not attempting to disprove, or controvert, any essential factual element of appellant's case. She agrees that her automobile struck the rear end of appellant's automobile at a time when appellant's vehicle was in its proper lane of traffic.

■ Respondent had a right to show, and to submit to the jury, that the collision was not caused by any negligence on her part. Boresow v. Manzella, Mo.Supp., 330 S.W.2d 827, Baccalo v. Nicolosi, Mo.Sup., 332 S.W.2d 854, 856.

Instruction No. 3 is not a converse instruction, affirmative or otherwise. It required the jury to specifically find, even if they believed that the skidding of the defendant's automobile was the proximate cause of the collision, that such skidding was caused solely by factors beyond the defendant's control and that defendant was not negligent. If the jury followed Instruction No. 3, and made the finding required by it, then respondent was entitled to a verdict.

The instruction did not remove from the jury's consideration any act of respondent which could be considered negligence under the law and the evidence. It is true, as appellant contends, that the applying of her brakes by respondent precipitated the skid. So did the forward movement of her car at a speed of ten to fifteen miles per hour. However, neither of these facts constitute negligent conduct, as a matter of law, even when coupled with the fact that respondent was trailing appellant by one to two car lengths on an icy and slippery street. All of these matters were before the jury, who resolved the issues for respondent and against appellant.

The liability issues in the case were fairly presented to the jury by appellant's verdict directing instruction, which submitted the "rear end collision" doctrine, by Instruction No. 2, which submitted contributory negligence of appellant for failure to give any timely warning of her intention to stop (on which instruction the jury might have conceivably decided this case) and Instruction No. 3, which we have previously discussed. We find no error on the part of the trial court in the giving of respondent's Instruction No. 3.

The judgment is affirmed.

CROSS, P. J., and HOWARD, J., concur.

BLAIR, J., not sitting.